1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

THE HONORABLE RICARDO S. MARTINEZ
NOTING DATE: Thursday, March 20, 2025

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSEPH SANT, MERTON CHUN, RONESHA SMITH, and HEATHER NICASTRO, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>  v.<br><br>ROCKETREACH LLC,<br><br>      Defendant. | CAUSE NO. 2:24-cv-1626<br><br>ROCKETREACH LLC'S MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS |

ROCKETREACH LLC'S MOTION TO COMPEL
ARBITRATION AND STAY PROCEEDINGS
2:24-cv-1626

**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP**
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ..................................................................................................... 1

II.    STATEMENT OF FACTS ....................................................................................... 1

    A.     The present lawsuit ....................................................................................... 1

    B.     Plaintiffs agreed to the Terms of Service ..................................................... 2

    C.     The Arbitration Agreement ........................................................................... 5

III.   ARGUMENT AND CITATION OF AUTHORITY ................................................ 6

    A.     Standard of review ........................................................................................ 6

    B.     The Court should compel arbitration. ........................................................... 6

        1.     A valid written agreement to arbitrate exists. ................................... 7

            a.     The Website provides reasonably conspicuous notice of the terms to which Plaintiffs will be bound. .............................. 8

            b.     The Website requires the consumer to take action that unambiguously manifests his assent to the terms. ...................... 9

        2.     Plaintiffs are bound by their attorneys' agreement to the Terms of Service ........................................................................................... 11

        3.     The parties agreed to delegate the question of arbitrability. ............... 12

        4.     Plaintiffs failed to seek arbitration. ................................................... 13

    C.     The Court should stay the proceedings pending the arbitration of Plaintiffs' individual claims. ........................................................................ 14

IV.    CONCLUSION ....................................................................................................... 15

ROCKETREACH LLC'S MOTION TO COMPEL
ARBITRATION AND STAY PROCEEDINGS – i
2:24-cv-1626

**WILSON, ELSER, MOSKOWITZ,**
**EDELMAN & DICKER LLP**
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alarcon v. Vital Recovery Servs., Inc.*,
  706 F. App'x 394 (9th Cir. 2017)......................................................................... 8

*AT&T Mobility LLC v. Concepcion*,
  563 U.S. 333 (2011) ............................................................................... 1, 8, 9

*Ballard v. Corinthian Colleges, Inc.*,
  No. C06-5256, 2006 U.S. Dist. LEXIS 57699 (W.D. Wash. Aug. 16, 2006).............. 17, 18

*Berg v. Hudesman*,
  115 Wn.2d 657, 801 P.2d 222 (Wash. 1990) .......................................................... 9

*Berman v. Freedom Fin. Network, LLC*,
  30 F.4th 849 (9th Cir. 2022).......................................................................... 10, 11

*Bill McCurley Chevrolet, Inc. v. Rutz*,
  61 Wn. App. 53, 808 P.2d 1167 (Wash. Ct. App. 1991)................................... 14

*Brennan v. Opus Bank*,
  796 F.3d 1125 (9th Cir. 2015)............................................................................. 15

*Caremark, LLC v. Chickasaw Nation*,
  43 F.4th 1021 (9th Cir. 2022) ............................................................................. 9

*Chiron Corp. v. Ortho Diagnostic Sys., Inc.*,
  207 F.3d 1126 (9th Cir. 2000)............................................................................. 9

*Circuit City Stores, Inc. v. Adams*,
  532 U.S. 105, 121 S. Ct. 1302, 149 L. Ed. 2d 234 (2001) .................................. 8

*Columbia Sec. Co. v. Aetna Accident & Liab. Co.*,
  108 Wash 116, 183 P. 137 (Wash. 1919) ........................................................ 14

*Cronin v. Portfolio Recovery Assocs., LLC*,
  8:15-CV-00768-EAK-EAJ, 2016 U.S. Dist. LEXIS 57541 (M.D. Fla. Apr.
  29, 2016)........................................................................................................ 18

*Dana v. Boren*,
  133 Wn. App. 307, 135 P.3d 963 (Wash. Ct. App. 2006)................................. 14

ROCKETREACH LLC'S MOTION TO COMPEL
ARBITRATION AND STAY PROCEEDINGS – ii
2:24-cv-1626

**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP**
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

*First Options of Chicago, Inc. v. Kaplan*,
   514 U.S. 938, 115 S. Ct. 1920, 131 L. Ed. 2d 985 (1995) ..................................................7

*Hearst Commc'ns, Inc. v. Seattle Times Co.*,
   154 Wn.2d 493, 115 P.3d 262 (Wash. 2005) ...............................................................9, 10

*Henry Schein, Inc. v. Archer & White Sales, Inc.*,
   586 U.S. 63, 139 S. Ct. 524, 202 L. Ed. 2d 480 (2019) .................................................16

*Hesse v. Sprint Spectrum, L.P.*,
   No. C06-0592, 2012 WL 37399 (W.D. Wash. Jan. 9, 2012) ...........................................15

*Hewson Constr., Inc. v. Reintree Corp.*,
   101 Wn.2d 819, 685 P.2d 1062 (Wash. 1984) ...............................................................14

*Javitch v. First Union Secs., Inc.*,
   315 F.3d 619 (6th Cir. 2003) .........................................................................................18

*King v. Riveland*,
   125 Wn.2d 500, 886 P.2d 160 (Wash. 1994) ...............................................................14

*Knapke*, 38 F.4th 824, 834-35 (9th Cir. 2022) ....................................................................15

*Lehrer v. State Dep't of Social & Health Servs.*,
   101 Wn. App. 509, 5 P.3d 722 (Wash. Ct. App. 2000) .................................................10

*Meyer v. Uber Technologies, Inc.*,
   868 F.3d 66 (2d Cir. 2017) ............................................................................................10

*Mohamed v. Uber Technologies, Inc.*,
   848 F.3d 1201 (9th Cir. 2016) .........................................................................................9

*Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*,
   460 U.S. 1, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983) ....................................................17

*Nguyen v. Barnes & Noble, Inc.*,
   763 F.3d 1171 (9th Cir. 2014) ...................................................................................10, 11

*Norcia v. Samsung Telecomm. Am.*,
   845 F.3d 1279 (9th Cir. 2017) ..........................................................................................8

*Patrick v. Running Warehouse, LLC*,
   93 F.4th 468 (9th Cir. 2024) ...............................................................................12, 15, 16

*Rent-A-Center, W., Inc. v. Jackson*,
   561 U.S. 63, 130 S. Ct. 2772, 177 L. Ed. 2d 403 (2010) .................................................8

ROCKETREACH LLC'S MOTION TO COMPEL
ARBITRATION AND STAY PROCEEDINGS – iii
2:24-cv-1626

**WILSON, ELSER, MOSKOWITZ,**
**EDELMAN & DICKER LLP**
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

*Rojas v. GoSmith, Inc.*,
   No. 17-CV-281, 2020 WL 831585 (N.D. Ind. Feb. 20, 2020) ........................................... 15

*Romney v. Franciscan Med. Grp.*,
   186 Wn. App. 728, 349 P.3d 32 (Was. Ct. App. 2015)...................................................... 13

*In re Van Dusen*,
   654 F.3d 838 (9th Cir. 2011) .......................................................................................... 8

*Zoller v. GCA Advisors, LLC*,
   993 F.3d 1198 (9th Cir. 2021) ........................................................................................ 8

**Statutes**

Federal Arbitration Act (9 U.S.C. §§ 1-16) ......................................................... 1, 8, 9, 16, 17

Federal Arbitration Act Section 2 ........................................................................................ 8, 9

Federal Arbitration Act Section 3 ..................................................................................... 17, 18

Federal Arbitration Act Section 4 .......................................................................................... 8

765 ILCS 1075/1 et seq. ......................................................................................................... 2

Ohio Rev. Code Ann. § 2741.01 et seq. .................................................................................. 2

Cal. Civ. Code § 3344 et seq. .................................................................................................. 2

RCW 63.60 et seq. .................................................................................................................. 2

**Other Authorities**

https://www.adr.org/ ............................................................................................................ 16

ROCKETREACH LLC'S MOTION TO COMPEL
ARBITRATION AND STAY PROCEEDINGS – iv
2:24-cv-1626

**WILSON, ELSER, MOSKOWITZ,**
**EDELMAN & DICKER LLP**
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

COMES NOW, Defendant RocketReach LLC ("RocketReach" or "Defendant"), by and through its undersigned counsel, and hereby files this Motion to Compel Arbitration and Stay Proceedings, stating as follows:

## I.    INTRODUCTION

In *AT&T Mobility LLC v. Concepcion,* 563 U.S. 333 (2011), the U.S. Supreme Court reaffirmed the strong policy favoring enforcement of private agreements to arbitrate disputes, as reflected in the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* ("FAA"). That policy applies here, as the Plaintiffs Joseph Sant, Merton Chun, Ronesha Smith, and Heather Nicastro ("Plaintiffs") agreed to an arbitration provision, whereby any claims against Defendant would be resolved through binding, individual (non-class action) arbitration.

As set forth below, Defendant respectfully moves this Court for an Order compelling Plaintiffs to arbitrate their claims against it based on the valid and binding agreement to arbitrate between the parties. The Court should stay this action pending the outcome of that arbitration. RocketReach has separately moved to dismiss Plaintiffs' claims. Therefore, in the event the Court determines that any claims are not arbitrable, in the alternative to compelling arbitration, Defendant respectfully requests that this Court grant Defendant's Motion to Dismiss.

## II.    STATEMENT OF FACTS

**A.    The present lawsuit**

On October 8, 2024, Plaintiffs filed this putative class action lawsuit against Defendant asserting claims under right of publicity statutes of Washington, California, Illinois, and Ohio. Doc. 1 ("Complaint"). Plaintiffs generally allege that Defendant misappropriated Plaintiffs' personally identifying information to advertise and promote its products and services.

ROCKETREACH LLC'S MOTION TO COMPEL
ARBITRATION AND STAY PROCEEDINGS – 1
2:24-cv-1626

**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP**
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

Complaint ¶ 1. Plaintiffs allege that Defendant does so by creating, publishing, and disseminating free-preview "profile" pages as well as free-trial "profile" pages for Plaintiffs and others whose personal information appears in its website. Complaint ¶¶ 4-7. Plaintiffs describe the free-preview process and provide screenshots of their free-preview profile pages. Complaint ¶¶ 112-116, 132-135, 150-153, 169-172. Although Plaintiffs did not provide screenshots of their free-trial profile pages, they describe the process of obtaining them and the information in them. Complaint ¶¶ 117-121, 136-138, 154-156, 173-75.

RocketReach owns and operates rocketreach.co, a website that provides the general public access to an online database of informaton about individuals (the "Website"). Declaration of Scott Kim ("Kim Decl."), attached hereto as Exhibit A, ¶¶ 3-4. RocketReach's service is intended to be used by professionals to find other professionals, particularly for sales, recruiting, business development and marketing purposes. *Id.* ¶ 4. It provides a search index primarily generated from publicly sourced data in a similar fashion to search engines like Google and Bing. *Id.*

**B.    Plaintiffs agreed to the Terms of Service**

Among other services, RocketReach offers a free trial whereby users receive 5 free lookups per month. *Id.* ¶ 5. To sign up for a free trial, a user must create an account. *Id.* The user can create an account by using a Google, Microsoft, or Facebook account, or by providing an email address and other information. *Id.* Regardless of how the user chooses to create an account, before doing so, the user encounters a pop up with the statement "If you continue, you agree to our Terms of Service." *Id.* ¶ 16. The Terms of Service are provided via hyperlink that is set off from the surrounding black text by having the words "Terms of Service" in blue text that is also in bold print. *Id.* ¶ 10-11, 13-14. This hyperlink is consistent with other hyperlinks

**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP**
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206)  709-5901 (FAX)

on the pop up for the "Community Program Terms," and to "View Privacy Policy." An example

of this pop up is set forth below:



*Id.* ¶ 10.

The consumer can encounter the Terms of Service on multiple occasions during the

process of creating an account. For example, when one proceeds by clicking the "Continue with

Email" button, the user is given the opportunity to enter name, business email, and password to

create an account. *Id.* ¶¶ 11, 14. Additionally, to proceed, the user must click on the "Create My

Account" button. *Id.* Directly below the "Create My Account" button is the statement "By

clicking 'Create My Account', you agree to our Terms of Service." *Id.* The Terms of Service is

ROCKETREACH LLC'S MOTION TO COMPEL
ARBITRATION AND STAY PROCEEDINGS – 3
2:24-cv-1626

**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP**
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

again provided by a hyperlink. *Id.* If the user chooses to continue with Google, Microsoft, or Facebook from this page, he encounters the statement, "If you continue, you agree to our Terms of Service." *Id.* The Terms of Service is again provided by a hyperlink that is set off from the surrounding black text by having the words "Terms of Service" in blue text and in bold. *Id.* An example of this pop up is set forth below:



*Id.* ¶ 11.

ROCKETREACH LLC'S MOTION TO COMPEL
ARBITRATION AND STAY PROCEEDINGS – 4
2:24-cv-1626

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

**C.** **The Arbitration Agreement**

By clicking on the Terms of Service hyperlink the user is taken to RocketReach's Terms of Service. *Id.* ¶ 18, Ex. 1. The Terms of Service contains a binding arbitration provision (the "Arbitration Agreement") and contains an Arbitration Notice that provides as follows:

> **ARBITRATION NOTICE.** You agree that disputes arising under these Terms will be resolved by binding, individual arbitration as further described in Section 10, and BY ACCEPTING THESE TERMS, YOU AND ROCKETREACH ARE EACH WAIVING THE RIGHT TO A TRIAL BY JURY OR TO PARTICIPATE IN ANY CLASS ACTION OR REPRESENTATIVE PROCEEDING. YOU AGREE TO GIVE UP YOUR RIGHT TO GO TO COURT to assert or defend your rights under this contract (except for matters that may be taken to small claims court). Your rights will be determined by a NEUTRAL ARBITRATOR and NOT a judge or jury.

*Id.*, Ex. 1 at p. 1. Significantly, the Terms of Service includes a Notice of Class Action/Class Arbitration Waiver, which provides as follows:

> No Class Actions. YOU AND ROCKETREACH AGREE THAT EACH MAY BRING CLAIMS AGAINST THE OTHER ONLY IN YOUR OR ITS INDIVIDUAL CAPACITY AND NOT AS A PLAINTIFF OR CLASS MEMBER IN ANY PURPORTED CLASS OR REPRESENTATIVE PROCEEDING. Further, unless both you and RocketReach agree otherwise, the arbitrator may not consolidate more than one person's claims, and may not otherwise preside over any form of a representative or class proceeding.

*Id.* Ex. 1 at p. 7. The Arbitration Agreement itself includes the following statement:

> Generally. In the interest of resolving disputes between you and RocketReach in the most expedient and cost effective manner, and except as expressly described herein, you and RocketReach agree that every dispute arising in connection with these Terms will be resolved by binding arbitration. Arbitration is less formal than a lawsuit in court. Arbitration uses a neutral arbitrator instead of a judge or jury, may allow for more limited discovery than in court, and can be subject to very limited review by courts. Arbitrators can award the same damages and relief that a court can award. This agreement to arbitrate disputes includes all claims arising out of or relating to any aspect of these Terms, whether based in contract, tort, statute, fraud, misrepresentation, or any other legal theory, and regardless of whether a claim arises during or after the termination of these

ROCKETREACH LLC'S MOTION TO COMPEL
ARBITRATION AND STAY PROCEEDINGS – 5
2:24-cv-1626

**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP**
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

Terms. YOU UNDERSTAND AND AGREE THAT, BY ENTERING INTO THESE TERMS, YOU AND ROCKETREACH ARE EACH WAIVING THE RIGHT TO A TRIAL BY JURY OR TO PARTICIPATE IN A CLASS ACTION.

*Id.*, Ex. 1 at p. 6.

## III.    ARGUMENT AND CITATION OF AUTHORITY

### A.    Standard of review

Section 2 of the Federal Arbitration Act ("FAA") governs arbitration agreements in most contracts affecting interstate commerce. *See Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 119 (2001). The FAA "reflect[s] both a liberal policy favoring arbitration . . . and the fundamental principle that arbitration is a matter of contract." *AT&T Mobility LLC v. Concepcion*, 563 U.S. at 339 (cleaned up). "In line with these principles, courts must place arbitration agreements on an equal footing with other contracts . . . and must enforce them according to their terms." Id. (cleaned up); *see also Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 67 (2010). The Court's authority to compel arbitration arises under Section 4 of the FAA. *See In re Van Dusen*, 654 F.3d 838, 843 (9th Cir. 2011); 9 U.S.C. § 4. The party seeking to compel arbitration "bears the burden of proving the existence of an agreement to arbitrate by a preponderance of the evidence." *Norcia v. Samsung Telecomm. Am.*, 845 F.3d 1279, 1283 (9th Cir. 2017).

### B.    The Court should compel arbitration.

The FAA requires the enforcement of valid arbitration agreements like the one at hand. *See* 9 U.S.C. § 4. "Generally, a court must determine two issues before deciding whether to compel arbitration: (1) whether there is an agreement to arbitrate between the parties; and (2) whether the agreement covers the dispute." *Zoller v. GCA Advisors, LLC*, 993 F.3d 1198, 1201

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206)  709-5901 (FAX)

(9th Cir. 2021). If both conditions are met, "the [FAA] requires the court to enforce the arbitration agreement in accordance with its terms." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). Where there is "[c]lear and unmistakable evidence of an agreement to arbitrate arbitrability," issues of arbitrability are to be decided by the arbitrator. *Mohamed v. Uber Technologies, Inc.*, 848 F.3d 1201, 1208 (9th Cir. 2016).

Here, the parties agreed that the arbitrator would resolve questions of arbitrability. Therefore, the only remaining threshold issue for the Court is whether a valid agreement to arbitrate exists. *See Caremark, LLC v. Chickasaw Nation,* 43 F.4th 1021, 1029 (9th Cir. 2022). The Arbitration Agreement is a valid agreement to arbitrate. Because Plaintiffs agreed to the Terms of Service and the Arbitration Agreement, they are bound by their terms. Accordingly, the Court should compel arbitration of Plaintiffs' claims.

**1.     A valid written agreement to arbitrate exists.**

The Court must look to ordinary contract principles in determining whether a party is bound by the terms of a written arbitration agreement. *See First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995) Here, the Terms of Service provide that they "are governed by the laws of the State of Washington without regard to conflict of law principles." Kim Decl. ¶ 18, Ex. 1 at p. 8. Contract interpretation is generally a question of law for the Court. *Berg v. Hudesman*, 115 Wn.2d 657, 663, 801 P.2d 222 (Wash. 1990). Under Washington law, courts follow the "objective manifestation" theory of contracts. *Hearst Commc'ns, Inc. v. Seattle Times Co.*, 154 Wn.2d 493, 503, 115 P.3d 262 (Wash. 2005). This requires courts to "determine the parties' intent by focusing on the objective manifestations of the agreement, rather than on the unexpressed subjective intent of the parties." *Id.* (internal citation omitted). Courts should "generally give words in a contract their ordinary, usual, and popular meaning unless the

ROCKETREACH LLC'S MOTION TO COMPEL
ARBITRATION AND STAY PROCEEDINGS – 7
2:24-cv-1626

**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP**
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

entirety of the agreement clearly demonstrates a contrary intent." *Id.* at 504. If the language of a contract is clear and unambiguous, the Court must "enforce the contract as written; it may not modify the contract or create ambiguity where none exists." *Lehrer v. State Dep't of Social & Health Servs.*, 101 Wn. App. 509, 515, 5 P.3d 722 (Wash. Ct. App. 2000).

"[A]n enforceable contract will be found based on an inquiry notice theory only if: (1) the website provides reasonably conspicuous notice of the terms to which the consumer will be bound; and (2) the consumer takes some action, such as clicking a button or checking a box, that unambiguously manifests his or her assent to those terms." *Berman v. Freedom Fin. Network, LLC*, 30 F.4th 849, 856 (9th Cir. 2022) (*citing Meyer v. Uber Technologies, Inc.*, 868 F.3d 66, 74 (2d Cir. 2017); *Nguyen v. Barnes & Noble, Inc.*, 763 F.3d 1171 (9th Cir. 2014)). Here, RocketReach satisfies both of these requirements.

      a.    *The Website provides reasonably conspicuous notice of the terms to which Plaintiffs will be bound.*

RocketReach provided reasonably conspicuous notice of the terms to which the Plaintiffs would be bound. For Plaintiffs to provide the information they provided in their Complaint, they must have created a free account. Kim Decl. ¶ 24. To create a free account, Plaintiffs would have encountered immediately below the buttons to create an account the statement "If you continue, you agree to our Terms of Service." *Id.* ¶¶ 10-11, 13-14. This notice is clear and legible and "Terms of Service" is colored bright blue and in bold in contrast to the surrounding white background and adjacent black text that is not bolded. *Id. See Berman,* 30 F.4th at 857 ("Because our inquiry notice standard demands conspicuousness tailored to the reasonably prudent internet user, not to the expert user, the design of the hyperlinks must put such a user on notice of their existence." (*citing Nguyen*, 763 F.3d at 1177, 1179)). The Terms

**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP**
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

of Service provide explicit notice of the Arbitration Agreement including with bold text "**ARBITRATION NOTICE**" prominently on the first page of the Terms of Service. Kim Decl. ¶ 17, Ex. 1 at p. 1. As such, the Website provides reasonably conspicuous notice of the terms to which the consumer will be bound. *See Berman*, 30 F.4th at 856.

> b.    *The Website requires the consumer to take action that unambiguously manifests his assent to the terms.*

Rocketreach also required consumers to take action that unambiguously manifested their assent to be bound by the Terms of Service. When the consumer encounters the pop up to sign up for a free trial and the statement, "If you continue, you agree to our Terms of Service," he must then click one of four "Continue" buttons to manifest his consent to be bound the Terms of Service. Kim Decl. ¶¶ 10-11, 13-14. This notice is clear and legible and "Terms of Service" is colored bright blue and in bold in contrast to the surrounding white background and adjacent black text that is not bolded. *Id. See Patrick,* 93 F.4th at 477 (plaintiffs had sufficient notice where "notice is clear and legible, and the hyperlinked phrase 'terms of use' is colored bright green—contrasted against the surrounding white background and adjacent black text.") Moreover, the hyperlink is the same color as other clickable links on the page, reinforcing the fact that it is a hyperlink. *Id.* (plaintiffs had sufficient notice of arbitration provision where "terms of use" hyperlink was "same color as other clickable links on the page, suggesting clearly that it is a hyperlink.")

Additionally, depending on the method the consumer uses to create the account, he may encounter this message on multiple occasions. For example, if the consumer creates a free trial account by clicking "Continue with Email," he encounters another pop up referencing the Terms of Service. Kim Decl. ¶¶ 11, 14. Specifically, the consumer must enter full name,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

business email, and password. Directly below the "Create My Account" button is the statement, "By clicking 'Create My Account', you agree to our Terms of Service." *Id.* The Terms of Service are again provided by hyperlink and the text "Terms of Service" is set off from the surrounding black text by using blue text. *Id.* From that same pop up, the consumer can also push one of three buttons to continue with Google, Microsoft, or Facebook. Directly below those buttons is the statement, "If you continue, you agree to our Terms of Service." *Id.* The Terms of Service are again provided by hyperlink and the text "Terms of Service" is set off from the surrounding black text by using blue text. *Id.*

The Terms of Service specify that "By using RocketReach's website, platform, APIs, products, or services (collectively, the "**Services**"), or Lookup Information, you agree to be legally bound by these Terms and any and all terms of policies incorporated herein by reference." Kim Decl. ¶ 18, Ex. 1 at p. 1. The Terms of Service make clear that arbitration is an essential term to that agreement, by separating out the Arbitration Agreement to make it easy to find in the Terms of Service. Moreover, the very first page of the Terms of Service contains a statement "**PLEASE READ THE FOLLOWING TERMS CARFEULLY**:," which is then followed by the Arbitration Notice. *Id.* That same section provides, "**BY REGISTERING FOR THE SERVICES, OR BY DOWNLOADING, INSTALLING, OR OTHERWISE ACCESSING OR USING THE SERVICES**, YOU AGREE THAT YOU HAVE READ AND UNDERSTOOD, AND, AS A CONDITION TO YOUR USE OF THE SERVICE, YOU AGREE TO BE BOUND BY, THE TERMS, INCLUDING ROCKETREACH'S PRIVACY POLICY." *Id.* Furthermore, it states, "**If you do not agree to all the terms and conditions of this Agreement, you may not access or use the Services or Lookup Information.**" *Id.*

ROCKETREACH LLC'S MOTION TO COMPEL
ARBITRATION AND STAY PROCEEDINGS – 10
2:24-cv-1626

**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP**
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

Plaintiffs allege that each of their free-trial profiles were used to advertise RocketReach's services. Complaint ¶¶ 117-121, 136-138, 154-156, 173-75. They describe the process to obtain the free-trial profiles and the information contained in the profiles. *Id.* Therefore, to have encountered the free-trial profiles, Plaintiffs had to have created an account. Kim Decl. ¶ 24. Accordingly, by creating an account, the Plaintiffs had sufficient notice of the Terms of Service and the Arbitration Agreement. A valid written agreement to arbitrate exists such that Plaintiffs are unquestionably bound by the Arbitration Agreement.

### 2.    Plaintiffs are bound by their attorneys' agreement to the Terms of Service

Under Washington law, "[a]rbitration agreements may encompass nonsignatories under contract and agency principles." *Romney v. Franciscan Med. Grp.*, 186 Wn. App. 728, 747, 349 P.3d 32, 42 (Was. Ct. App. 2015). "An agency relationship may exist, either expressly or by implication, when one party acts at the instance of and, in some material degree, under the direction and control of another." *Hewson Constr., Inc. v. Reintree Corp.*, 101 Wn.2d 819, 823, 685 P.2d 1062, 1064 (Wash. 1984). An agent may bind a principal through either actual authority (express or implied) or apparent authority. *King v. Riveland,* 125 Wn.2d 500, 507, 886 P.2d 160, 165 (Wash. 1994). Washington law also provides, "where an agent on behalf of his principal enters into a simple contract as though made for himself, and the existence of the principal is not disclosed, the contract inures to the benefit of the principal who may appear and hold the other party to the contract made by the agent." *Dana v. Boren*, 133 Wn. App. 307, 311, 135 P.3d 963, 965 (Wash. Ct. App. 2006) (*quoting Columbia Sec. Co. v. Aetna Accident & Liab. Co.*, 108 Wash 116, 183 P. 137, 141 (Wash. 1919)). Furthermore, "By appearing and claiming the benefit of the contract, it thereby becomes his own to the same extent as if his name had originally appeared as a contracting party, and the fact that the agent has made the

**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP**
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

contract in his own name does not preclude the principal from suing thereon as the real party in interest." *Id.* (*quoting Columbia*, 183 P. at 141). A principal may also be bound by contracts her agent makes without authority if the principal later ratifies the agent's agreement. *Bill McCurley Chevrolet, Inc. v. Rutz*, 61 Wn. App. 53, 808 P.2d 1167, 1170 (Wash. Ct. App. 1991).

Here, because the parties have not yet conducted discovery, it is unclear whether Plaintiffs' attorneys (as opposed to Plaintiffs themselves) agreed to the Terms of Service. Therefore, to the extent Plaintiffs argue that their attorneys agreed to the Terms of Service, factual development is necessary regarding such agreement and whether they acted as agents for the Plaintiffs. The factual determinations would include whether Plaintiffs' attorneys acted with actual authority or apparent authority and whether the Plaintiffs ratified the agreement. Additionally, discovery would reveal issues regarding whether Plaintiffs were undisclosed principals.

To the extent the Court believes there are outstanding factual issues regarding agency, including whether an agency relationship exists expressly or by implication, or Plaintiffs' ratification, RocketReach requests leave to engage in limited discovery on that subject. *See e.g., See Knapke v. PeopleConnect, Inc.*, 38 F.4th 824, 834-35 (9th Cir. 2022) (permitting discovery regarding questions of agency concerning a motion to compel arbitration where defendant conditionally, and sufficiently, requested discovery in its motion to compel); *Hesse v. Sprint Spectrum, L.P.,* No. C06-0592, 2012 WL 37399, at *2 (W.D. Wash. Jan. 9, 2012) (granting limited discovery into issue of arbitrability); *Rojas v. GoSmith, Inc.,* No. 17-CV-281, 2020 WL 831585, at *6 (N.D. Ind. Feb. 20, 2020) (ordering parties to file a joint proposed plan on limited discovery regarding arbitrability).

**3.    The Parties agreed to delegate the question of arbitrability.**

**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP**
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

"While the general rule is that a district court decides whether a claim falls within the scope of an arbitration agreement, such questions 'can be expressly delegated to the arbitrator where the [contracting] parties *clearly and unmistakably* provide otherwise.'" *Patrick v. Running Warehouse, LLC,* 93 F.4th 468, 480 (9th Cir. 2024) (*quoting Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015) (internal quotation marks omitted)). "When the parties do so, 'a court may not override the contract' and has 'no power to decide the arbitrability issue.'" *Patrick,* 93 F.4th at 468 (*quoting Henry Schein, Inc. v. Archer & White Sales, Inc.*, 586 U.S. 63, 68 (2019)).

Here, the Arbitration Agreement makes clear that the question of arbitrability is itself subject to arbitration – "The arbitrator has exclusive authority to resolve any dispute relating to the interpretation, applicability, or enforceability of this binding arbitration agreement." Kim Decl. ¶ 18, Ex. 1 at p. 6. Courts have also found that "parties clearly delegated arbitratibility where they incorporated an arbitrator's arbitration rules in the agreement." *Patrick,* 93 F.4th at 468. The Arbitration Agreement further provides that "[a]ny arbitration between you and RocketReach will be settled under the Federal Arbitration Act and administered by the American Arbitration Association ("AAA") under its Consumer Arbitration Rules (collectively, "AAA Rules") as modified by these Terms." *Id.*

### 4.    Plaintiffs failed to seek arbitration.

Finally, Plaintiffs failed to seek arbitration in connection with their claims. As the foregoing demonstrates, Plaintiffs were subject to a valid and enforceable Arbitration Agreement and are bound by its clear, unambiguous terms. Therefore, Defendant respectfully requests that this Court dismiss Plaintiffs' class claims and require them to submit their

**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP**
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

individual claims to arbitration. For these reasons, Defendant's Motion should be granted, and any issues relating to the arbitrability of claims should be reserved for the arbitrator.

**C.    The Court should stay the proceedings pending the arbitration of Plaintiffs' individual claims.**

The Federal Arbitration Act, 9 U.S.C. §§ 1-16, reflects a "liberal federal policy favoring arbitration agreements." *Ballard v. Corinthian Colleges, Inc.,* No. C06-5256, 2006 U.S. Dist. LEXIS 57699, at *3-4 (W.D. Wash. Aug. 16, 2006) (*quoting Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983)). Section 3 of the FAA effectuates this policy by favoring arbitration over litigation. *Ballard*, 2006 U.S. Dist. LEXIS 57699, at *4. Specifically, it provides as follows:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3. "A court must stay an action pursuant to Section 3 where the action is brought by a signatory to an arbitration agreement against another signatory to that agreement, on claims subject to that agreement." *Ballard*, 2006 U.S. Dist. LEXIS 57699, at *4 (*citing Javitch v. First Union Secs., Inc.*, 315 F.3d 619, 624 (6th Cir. 2003)).

The Arbitration Agreement provides that Plaintiffs cannot pursue claims as a class action or class arbitration. Kim Decl. ¶ 18, Ex. 1 at p. 7. Nevertheless, Plaintiffs have filed the present suit as a class action. *See* Complaint ¶¶ 184-208. As the Arbitration Agreement is a valid and binding agreement, the class action waiver contained therein is also enforceable against Plaintiffs. Therefore, Plaintiffs' class action claims are subject to dismissal as well. *See,*

ROCKETREACH LLC'S MOTION TO COMPEL
ARBITRATION AND STAY PROCEEDINGS – 14
2:24-cv-1626

**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP**
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

*e.g., Cronin v. Portfolio Recovery Assocs., LLC,* 8:15-CV-00768-EAK-EAJ, 2016 U.S. Dist. LEXIS 57541 (M.D. Fla. Apr. 29, 2016) (granting renewed motion to compel arbitration and dismissing Plaintiff's class action claim). Because none of Plaintiffs' claims are left to be decided by this Court, the Court should compel Plaintiffs' individual claims to arbitration and dismiss their class claims in accordance with the Arbitration Agreement. In the alternative, the Court should stay all proceedings against RocketReach pending arbitration of Plaintiffs' individual claims.

## IV.    CONCLUSION

For the reasons stated above, Defendant respectfully requests that the Court compel Plaintiffs to submit their individual claims against Defendant to arbitration, dismiss Plaintiffs' class claims, and either dismiss Defendant or stay all judicial proceedings against Defendant pending the outcome of such arbitration.

I certify that this pleading contains 4841 words in compliance with the Local Civil Rules.

DATED this 27th day of December, 2024.

//

//

//

//

//

//

//

//

**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP**
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

1

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

2

3

By: _s/ Patrick Lynch_____
Anjali Das, *Pro Hac Vice*
Matthew N. Foree, *Pro Hac Vice*
Patrick Lynch, WSBA #53147
520 Pike Street, Suite 2350
Seattle, WA 98101
(206) 709-6665 (direct)
(206) 709-5900 (main)
(206) 709-5901 (fax)
Anjali.Das@Wilsonelser.com
Matthew.Foree@wilsonelser.com
Patrick.lynch@wilsonelser.com

4

5

6

7

8

9

*Attorneys for Defendant*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

## CERTIFICATE OF SERVICE

The undersigned certifies that on December 27, 2024, a true and correct copy of the foregoing was served on the attorneys of record listed below, via the method indicated:

| | |
|---|---|
| ***Counsel for Plaintiffs***<br>Nick Major, WSBA #49579<br>NICK MAJOR LAW<br>450 Alaskan Way S, #200<br>Seattle, WA 98104<br>Nick@nickmajorlaw.com<br><br>Tyler K. Somes, *Pro Hac Vice*<br>HEDIN LLP<br>1100 15th St NW, Ste. 04-108<br>Washington, D.C. 20005<br>tsomes@hedinllp.com | ☒ U.S. Mail<br>☐ Hand Delivery<br>☐ Facsimile<br>☐ Overnight<br>☒ E-mail<br>☒ E-Service via Court Application<br>☐ Messenger |

I certify under the penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED this 27th day of December, 2024, at Seattle, Washington.


*/s/J' Y'honatan Frakes*
J. Y'honatan Frakes, Legal Assistant
Yhon.frakes@wilsonelser.com

ROCKETREACH LLC'S MOTION TO COMPEL
ARBITRATION AND STAY PROCEEDINGS – 17
2:24-cv-1626

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)