UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSEPH SANT, MERTON CHUN,
RONESHA SMITH, and HEATHER
NICASTRO, individually and on behalf of
all others similarly situated,

    Plaintiffs,

  v.

ROCKETREACH LLC,

    Defendant.

CAUSE NO. 2:24-cv-1626

ROCKETREACH LLC'S MOTION TO
DISMISS

**WILSON, ELSER, MOSKOWITZ,**
**EDELMAN & DICKER LLP**
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

# **TABLE OF CONTENTS**

**Page**

INTRODUCTION ...................................................................................................... 1

PLAINTIFFS' ALLEGATIONS ............................................................................... 2

ARGUMENT AND CITATION OF AUTHORITY .................................................. 3

    I.    Plaintiffs' Complaint must be dismissed due to their lack of standing ............ 3

        A.    Standard of review under Rule 12(b)(1) ................................................ 3

        B.    Plaintiffs fail to plead a particularized and concrete actual or imminent injury-in-fact ........................................................................ 4

            1.    The elements of Article III standing .......................................... 4

            2.    Plaintiffs fail to plausibly allege any injury-in-fact that could confer standing ............................................................. 5

                a.    Plaintiffs' vague and conclusory allegations of emotional harm are insufficient ..................................... 5

                b.    TransUnion dictates that Plaintiffs have not alleged injury in fact ................................................... 7

                c.    Other courts have found lack of standing in similar circumstances ................................................. 8

            3.    Plaintiffs cannot allege any injury that is fairly traceable to Defendant's conduct or redressable ...................................... 11

    II.   Plaintiffs fail to state claims for relief under Rule 12(b)(6) ........................... 12

        A.    Standard of review ............................................................................. 12

        B.    Plaintiffs' claims for violation of Washington's Personality Rights Act, RCW 63.60.050 (First and Second Claims) must be dismissed ......................................................................................... 13

            1.    The WPRA exempts uses that are insignificant, de minimis, or incidental ............................................................. 13

            2.    The WPRA exempts uses that accurately describe a party's services ....................................................................... 16

        C.    Plaintiff Chun's claim for violation of the California Right of Publicity Law, Cal. Civ. Code § 3344 (Third Claim) must be dismissed ......................................................................................... 16

**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP**
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

1.     Plaintiff Chun does not plausibly allege appropriation of his name or likeness to Defendant's advantage......................18

2.     The use at issue is exempt under the doctrine of incidental use..................................................................................18

3.     Plaintiff Chun fails to sufficiently plead mental anguish........19

D.     Plaintiff Smith's claim for violation of the Illinois Right of Publicity Act, 765 ILCS 1075 (Fourth Claim) must be dismissed ..............................................................................................19

E.     Plaintiff Nicastro's claim for violation of the Ohio Right of Publicity in Individual's Persona Act Ohio Rev. Code Ann. § 2741 claim (Fifth Claim) must be dismissed......................................20

1.     Plaintiff cannot demonstrate that her name or likeness has value ....................................................................................21

2.     The use at issue is otherwise incidental..................................22

CONCLUSION ........................................................................................23

**WILSON, ELSER, MOSKOWITZ,**
**EDELMAN & DICKER LLP**
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Aligo v. Time-Life Books, Inc.*,
  No. C 94-20707 JW, 1994 U.S. Dist. LEXIS 21559 (N.D. Cal. Dec. 19,
  1994) ............................................................................................................... 14, 16, 19

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................................. 6, 13

*Baysal v. Midvale Indem. Co.*,
  78 F.4th 976 (7th Cir. 2023) ......................................................................................... 7

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................................................................... 12, 13

*Brooks v. Thomson Reuters Corp.*,
  No. 21-cv-01418-EMC, 2021 U.S. Dist. LEXIS 154093 (N.D. Cal. Aug.
  16, 2021) ..................................................................................................................... 18

*Callahan v. Ancestry*,
  No. 20-cv-08437, 2021 U.S. Dist. LEXIS 112036 (N.D. Cal. June 15,
  2021) ............................................................................................................................. 9

*Cross v. Facebook, Inc.*,
  222 Cal.Rptr.3d 250, 14 Cal.App.5th 190 (Cal. 2017) ............................................... 18

*Dantzler, Inc. v. Empresas Berrios Inventory & Operations., Inc.*,
  958 F.3d 38 (1st Cir. 2020) .......................................................................................... 11

*Dobrowolski v. Intelius, Inc.*,
  No. 17 CV 1406; No. 17 CV 1447; No. 17 CV 1519, 2018 U.S. Dist.
  LEXIS 24034, at *3 (N.D. Ill. May 21, 2018) ............................................................. 20

*Downing v. Abercrombie & Fitch*,
  265 F.3d 994 (9th Cir. 2001) ................................................................................. 17, 18

*Eastwood v. Superior Court*,
  149 Cal. App. 3d 409, 198 Cal. Rptr. 342 (Ct. App. 1983) .................................. 17, 18

*Fus v. CafePress, Inc.*,
  No. 19-cv-06601, 2020 U.S. Dist LEXIS (N.D. Ill. Nov. 30, 2020) .............................. 7

*Garland v. Orlans PC*,
  999 F.3d 432 (6th Cir. 2021) ......................................................................................... 7

*Harvey v. Systems Effect, LLC*,
  154 N.E.3d 293, 2020-Ohio-1642 (Ohio Ct. App. 2020) ............................................ 23

**WILSON, ELSER, MOSKOWITZ,**
**EDELMAN & DICKER LLP**
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

*Hoffman v. Capital Cities/ABC, Inc.*,
   255 F.3d 1180 (9th Cir. 2001) .................................................................................. 17

*Housh v. Peth*,
   165 Ohio St. 35, 133 N.E.2d 340 (1956) ................................................................. 21

*Hudson v. Datanyze, LLC*,
   702 F. Supp. 3d 628 (N.D. Ohio 2023), *appeal docketed*, No. 23-3998 (6th
   Cir. Dec. 14, 2023) ............................................................................................. 22, 23

*Jackson v. Loews Hotels, Inc.*,
   ED CV 18-827-DMG, 2019 U.S. Dist. LEXIS 115810 (C.D. Cal. Jan. 4,
   2021) ............................................................................................................................. 7

*James v. Bob Ross Buick, Inc.*,
   167 Ohio App. 3d 338, 2006 Ohio 2638, 855 N.E.2d 119 (2006) ......................... 22

*Katz v. Pershing, LLC*,
   672 F.3d 64 (5th Cir. 2012) ..................................................................................... 11

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
   511 U.S. 375 (1994) .................................................................................................... 4

*Lewis v. Casey*,
   518 U.S. 343 (2011) .................................................................................................... 5

*Lierboe v. State Farm Mut. Auto. Ins. Co.*,
   350 F.3d 1018 (9th Cir. 2003) ................................................................................... 4

*Luce v. LVNV Funding LLC*,
   No. 21-cv-82143, 2023 U.S. Dist. LEXIS 8636 (S.D. Fla. Jan. 18, 2023) ............. 7

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555 (1992) .................................................................................. 4, 5, 6, 11, 12

*Lukis v. Whitepages Incorporated*,
   No. 19 C 4871, 2021 U.S. Dist. LEXIS 132843 (N.D. Ill. July 16, 2021) ............. 10

*Miller v. Collectors Universe, Inc.*,
   159 Cal. App. 4th 988, 72 Cal. Rptr. 3d 194 (2008) ............................................. 19

*Newcombe v. Adolf Coors Co.*,
   157 F.3d 686 (9th Cir. 1998) ................................................................................... 18

*In re NVIDIA Corp. Sec. Litig.*,
   768 F.3d 1046 (9th Cir. 2014) ................................................................................. 14

*Perkins v. LinkedIn Corp.*,
   53 F. Supp. 3d 1222 (N.D. Cal. 2014) .................................................................... 19

*Pierre v. Midland Credit Management*,
   29 F.4th 934 (7th Cir. 2022) ...................................................................................... 7

**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP**
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

*Pooley v. Nat. Hole-In-One Ass'n*,
    89 F. Supp. 2d 1108 (D. Ariz. 2000) ........................................................ 15

*Preston v. Martin Bregman Productions, Inc.*,
    765 F. Supp. 116 (S.D.N.Y. 1991) ........................................................... 16

*Roe v. Amazon.com*,
    714 F. App'x 565 (6th Cir. 2017) ...................................................... 21, 22

*Soehnlen v. Fleet Owners Ins. Fund*,
    844 F.3d 576 (6th Cir. 2016) ................................................................... 5

*Spokeo v. Robins*,
    578 U.S. 330 (2016) .................................................................... 5, 8, 12

*Steel Co. v. Citizens for a Better Env't*,
    523 U.S. 83 (1998) ................................................................................. 4

*Tellabs, Inc. v. Makor Issues & Rts., Ltd.*,
    551 U.S. 308 (2007) ............................................................................. 14

*Thole v. U.S. Bank N.A.*,
    590 U.S. 538 (2020) ............................................................................... 6

*Thompson v. Getty Images (US), Inc.*,
    No. 13 C 1063, 2013 WL 3321612 (N.D. Ill. July 1, 2013) ......................... 20, 21

*TransUnion* ....................................................................................... 8, 9

*Vacek v. United States Postal Serv.*,
    447 F.3d 1248 (9th Cir. 2006) .................................................................. 4

*Verde v. Confi-Check, Inc.*,
    2021 U.S. Dist. LEXIS 178595 (N.D. Ill. Sept. 20, 2021) ......................... 9, 10

*Vinci v. Am. Can Co.*,
    69 Ohio App. 3d 727, 591 N.E.2d 793 (1990) .......................................... 23

*In re Vtech Data Breach Litig.*,
    No. 15 CV 10889, 2017 U.S. Dist. LEXIS 103298 (N.D. Ill. July 5, 2017) ......... 7

*Waits v. Frito-Lay, Inc.*,
    978 F.2d 1093 (9th Cir. 1992) ................................................................ 17

*Zacchini v. Scripps-Howard Broad. Co.*,
    47 Ohio St. 2d 224, 351 N.E.2d 454 (1976), *rev'd on other grounds*, 433
    U.S. 562, 97 S. Ct. 2849, 53 L. Ed. 2d 965 (1977) ......................... 21, 22, 23

**Statutes**

765 ILCS 1075/5 .................................................................................. 20

**WILSON, ELSER, MOSKOWITZ,**
**EDELMAN & DICKER LLP**
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

765 ILCS 1075/30 ............................................................................. 20

Cal. Civ. Code § 3344 ............................................................... 17, 18, 19

Cal. Civ. Code § 3344(a) .................................................................... 18

Ohio Rev. Code Ann. § 2741 ............................................................... 21

Ohio Rev. Code § 2741.01(A) ....................................................... 21, 23

Ohio Rev. Code § 2741.01(B)(1)-(2) .................................................. 21

Ohio Rev. Code § 2741.02 ................................................................... 21

Ohio Rev. Code § 2741.06(A)(1) ......................................................... 21

Wash. Rev. Code § 63.60.010 ............................................................. 13

Wash. Rev. Code § 63.60.070 ............................................................. 13

Wash. Rev. Code § 63.60.070(5) .................................................... 16, 17

Wash. Rev. Code § 63.60.070(6) .................................................... 13, 14

**Rules**

Fed. R. Civ. P. 8(a)(2) ......................................................................... 12

Fed. R. Civ. P. 12(b)(1) ......................................................................... 4

Fed. R. Civ. P. 12(b)(6) .................................................................. 12, 14

Fed. R. Civ. P. 12(h)(3) ......................................................................... 4

Fed. R. Civ. P. § 8 ............................................................................... 12

**Other Authorities**

Restatement of Torts 2d § 652C .......................................................... 21

**WILSON, ELSER, MOSKOWITZ,**
**EDELMAN & DICKER LLP**
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

COMES NOW, Defendant RocketReach LLC ("RocketReach" or "Defendant"), by and through its undersigned counsel, and hereby files this Motion to Dismiss, stating as follows:

## **INTRODUCTION**

Plaintiffs Joseph Sant, Merton Shun, Ronesha Smith, and Heather Nicastro ("Plaintiffs"), individually and on behalf of putative classes, seek relief under the right of publicity statutes of Washington, California, Illinois, and Ohio. RocketReach provides free and subscription-based products for those seeking publicly available information stored in its database, which is intended to be used by professionals to find other professionals. Plaintiffs contend that RocketReach "misappropriates" their publicly-available information by creating purported "free-preview profile" and "free-trial preview profile" pages that appear in the RocketReach database.

Initially, Defendant is filing contemporaneously with this Motion a Motion to Compel Arbitration based on the arbitration agreement contained in RocketReach's Terms of Service to which Plaintiffs agreed. Based on the application of the arbitration agreement, Defendant is seeking to compel arbitration of Plaintiffs' individual claims. The Terms of Service also includes a class action waiver to which Plaintiffs agreed. Accordingly, Defendant is seeking dismissal of all class claims for this and other reasons as set forth in its Motion to Strike Class Allegations, which is being filed contemporaneously herewith.

Even if the Court does not compel arbitration or dismiss Plaintiffs' class claims, their claims are subject to dismissal for the reasons discussed below. First, Plaintiffs lack standing to bring their claims because they have not plausibly alleged any cognizable injury-in-fact, causation, or redressability. Second, the use of Plaintiffs' public information as alleged is insufficient to state a claim under any of the right of publicity statutes.

**WILSON, ELSER, MOSKOWITZ,**
**EDELMAN & DICKER LLP**
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

For these reasons, Plaintiffs' Class Action Complaint ("Complaint") must be dismissed.

## PLAINTIFFS' ALLEGATIONS

1.　　RocketReach is a Wyoming limited liability company that operates the website www.rocketreach.co, which hosts a subscription platform providing its customers access to a contact database. Complaint ¶¶ 16, 46-47.

2.　　At all relevant times, Plaintiff Joseph Sant was a resident of Washington. Complaint ¶ 17.

3.　　At all relevant times, Plaintiff Merton Chun was a resident of California. Complaint ¶ 18.

4.　　At all relevant times, Plaintiff Ronesha Smith was a resident of Illinois. Complaint ¶ 19.

5.　　At all relevant times, Plaintiff Heather Nicastro was a resident of Ohio. Complaint ¶ 20.

6.　　Plaintiffs generally allege that Defendant misappropriated Plaintiffs' personally identifying information to advertise and promote its products and services, which violates the aforementioned right of publicity statutes of Washington, California, Illinois, and Ohio. Complaint ¶¶ 1, 8.

7.　　Plaintiffs allege that Defendant does so by creating, publishing, and disseminating free-preview "profile" pages as well as free-trial "profile" pages for Plaintiffs and others whose personal information appears in its website. Complaint ¶¶ 4-7.

8.　　Plaintiffs describe the free-preview process and provide screenshots of their free-preview profile pages. Complaint ¶¶ 112-116, 132-135, 150-153, 169-172.

**WILSON, ELSER, MOSKOWITZ,**
**EDELMAN & DICKER LLP**
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

9.      Although Plaintiffs do not provide screenshots of their free-trial profile pages, they describe the process of obtaining these pages and the information contained in them. Complaint ¶¶ 117-121, 136-138, 154-156, 173-75.

10.      A user must create a RocketReach account to access free-trial profile pages. Complaint ¶¶ 94-95.

11.      As shown in the screenshots in the Complaint, Plaintiffs' information allegedly published by Defendant includes public information such as name, employment, and education information. Complaint ¶¶ 112, 132, 150, 169.

12.      The screenshots in the Complaint also include photographs of Plaintiffs Sant, Chun, and Smith, but Plaintiff Nicastro's profile does not include a photograph. Complaint ¶¶ 112, 132, 150, 169.

13.      Each of the Plaintiffs identically allege that, "Upon learning that [his or her] name, photograph, and other personally identifying information was being used by Defendant to advertise its products and services on the open market for its own financial gain, Plaintiff . . . became worried, frustrated, and concerned, disturbing [his or her] peace of mind in a meaningful way—just as would occur to any reasonable person under the same or similar circumstances." Complaint ¶¶ 128, 146, 164, 183.

## ARGUMENT AND CITATION OF AUTHORITY

### I.      Plaintiffs' Complaint must be dismissed due to their lack of standing.

#### A.      Standard of review under Rule 12(b)(1)

Dismissal under Rule 12(b)(1) is appropriate if a plaintiff fails to show that the court has subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Federal courts "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree."

**WILSON, ELSER, MOSKOWITZ,**
**EDELMAN & DICKER LLP**
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Subject matter jurisdiction is a threshold issue that goes to the court's power to hear a case. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998). When subject matter jurisdiction is challenged, the party asserting that jurisdiction exists bears the burden of proof. *Vacek v. United States Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006). If a federal court determines at any time during the litigation that it lacks subject-matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3).

**B. Plaintiffs fail to plead a particularized and concrete actual or imminent injury-in-fact.**

1. The elements of Article III standing

In a putative class action case, Article III standing is "the threshold issue." *Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1022 (9th Cir. 2003). "If the individual plaintiff lacks standing, the court need never reach the class action issue." *Id*. "[S]tanding is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). In order to establish a federal court's jurisdiction over a case or controversy, plaintiffs must show that they "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct ..., and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo v. Robins*, 578 U.S. 330, 338 (2016) (*quoting Lujan*, 504 U.S. at 560-61)). "The party invoking federal jurisdiction bears the burden of establishing these elements." *Id.*

"To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*, 578 U.S. at 339 (*quoting Lujan*, 504 U.S. at 560). "For

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way.'" Id. (*quoting Lujan*, 504 U.S. at 560 n.1). For an injury to be concrete, it "must be 'de facto'; that is, it must actually exist . . . [and be] 'real,' and not 'abstract.'" Id. (citing dictionaries). "'Concrete' is not . . . necessarily synonymous with 'tangible.' Although tangible injuries are perhaps easier to recognize, . . . intangible injuries can nevertheless be concrete." *Id.* at 340 (cleaned up).

"That a suit may be a class action . . . adds nothing to the question of standing, for even named plaintiffs who represent a class 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.'" *Lewis v. Casey*, 518 U.S. 343, 347 (2011). "Plaintiffs are not absolved of their individual obligation to satisfy the injury element of Article III just because they allege class claims." *Soehnlen v. Fleet Owners Ins. Fund*, 844 F.3d 576, 582 (6th Cir. 2016).

        2.   <u>Plaintiffs fail to plausibly allege any injury-in-fact that could confer standing</u>.

        *a.*   *Plaintiffs' vague and conclusory allegations of emotional harm are insufficient.*

A plaintiff must set forth general factual allegations that "plausibly and clearly allege a concrete injury." *Thole v. U.S. Bank N.A.*, 590 U.S. 538, 544 (2020)). "[M]ere conclusory statement[s] do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiffs' purported allegations of harm are conclusory and not plausible such that they should be disregarded. Significantly, each of the Plaintiffs identically allege that, "Upon learning that [his or her] name, photograph, and other personally identifying information was being used by Defendant to advertise its products and services on the open market for its own financial gain, Plaintiff . . .

**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP**
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

became worried, frustrated, and concerned, disturbing [his or her] peace of mind in a meaningful way—just as would occur to any reasonable person under the same or similar circumstances." Complaint ¶¶ 128, 146, 164, 183. Initially, these allegations are conclusory and do not include supporting facts regarding the nature of the injury. Moreover, the fact that the allegations of injury of each of the four Plaintiffs are identical counsels against the "injury" affecting each plaintiff in a "personal and individual way." *Lujan*, 504 U.S. at 561.

Plaintiffs otherwise do not plausibly allege that they have suffered an injury-in-fact that could confer standing on them. They do not allege that they incurred any monetary harm as a result of the profiles on the Website. For example, they do not allege that they were prevented from selling their own information elsewhere or that the value of their information has been diminished. Instead, Plaintiffs only allege emotional harm from the availability of their public information in RocketReach's database, which they contend was being used for advertising in violation of the right of publicity statutes. They effectively argue that their discovery of their public information within RocketReach's database has somehow harmed them. The information at issue for the Plaintiffs includes name, employer, and education information. *See* Complaint ¶¶ 112, 132, 151, 169. Plaintiffs' vague allegations that they suffered emotional harm as a result of discovering their profiles, which contain public, non-private information, are not plausible and should be disregarded.

Moreover, courts generally reject such anxiety-based theories of standing. *See, e.g., Baysal v. Midvale Indem. Co.,* 78 F.4th 976, 977 (7th Cir. 2023) ("[W]orry and anxiety are not the kind of concrete injury essential to standing. If they were, almost everyone could litigate about almost anything, because just about everything anyone does causes some other people to fret.") (internal citations omitted); *Pierre v. Midland Credit Management,* 29 F.4th 934, 939

**WILSON, ELSER, MOSKOWITZ,**
**EDELMAN & DICKER LLP**
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

(7th Cir. 2022) (psychological states, including confusion, worry, or emotional distress induced by a debt collector's letter fail to establish standing under Fair Debt Collection Practices Act); *Garland v. Orlans PC,* 999 F.3d 432, 439 (6th Cir. 2021) ("[A] bare allegation of anxiety is not a cognizable, concrete injury."); *Luce v. LVNV Funding LLC,* No. 21-cv-82143, 2023 U.S. Dist. LEXIS 8636, at *10-14 (S.D. Fla. Jan. 18, 2023) (same).

Not surprisingly, courts also typically hold that disclosure of publicly-available information does not establish a concrete injury sufficient to confer standing. *See, e.g., Jackson v. Loews Hotels, Inc.*, ED CV 18-827-DMG (JCx), 2019 U.S. Dist. LEXIS 115810 at *8-14 (C.D. Cal. Jan. 4, 2021) (no injury in fact based on disclosure of full name, email, phone number, and address); *Fus v. CafePress, Inc.,* No. 19-cv-06601, 2020 U.S. Dist. LEXIS, at *10 (N.D. Ill. Nov. 30, 2020) (no standing where hack involved publicly available information, such as his billing and shipping address and personal email address*); In re Vtech Data Breach Litig.,* No. 15 CV 10889, 2017 U.S. Dist. LEXIS 103298, at *13-14 (N.D. Ill. July 5, 2017) (no injury where "plaintiffs' names, addresses, birthdates, and . . . account information" were disclosed).

> **b.** *TransUnion dictates that Plaintiffs have not alleged injury in fact.*

The contention that RocketReach used Plaintiffs' personally identifiable information to advertise its products "on the open market" is also conclusory. Complaint ¶¶ 128, 146, 164, 183. A user must search for a specific individual to retrieve that person's profile in RocketReach's database. Plaintiffs do not plausibly allege that any person (other than themselves or their attorneys) retrieved their profiles. Importantly, in *TransUnion,* the Supreme Court recognized that it has rejected the proposition that "a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

authorize that person to sue to vindicate that right." *Id.* at 426 (*citing Spokeo*, 578 U. S. at 341). As the Court emphasized in *Spokeo*, "Article III standing requires a concrete injury even in the context of a statutory violation." *Spokeo*, 578 U. S. at 341. As the Supreme Court noted, for standing purposes, therefore, an important difference exists between (i) a plaintiff 's statutory cause of action and (ii) a plaintiff's suffering concrete harm because of the defendant's violation. *TransUnion*, at 426-27.

With these principles in mind, in *TransUnion*, the Supreme Court considered whether members of a putative class whose credit files contained inaccurate information had standing under the Fair Credit Reporting Act. The Supreme Court distinguished "between (i) credit files that consumer reporting agencies maintain internally and (ii) the consumer credit reports that consumer reporting agencies disseminate to third-party creditors." *Id.* at 434. It determined that "[t]he mere presence of an inaccuracy in an internal credit file, if it is not disclosed to a third party, causes no concrete harm." *Id.* Furthermore, it determined, "In cases such as these where allegedly inaccurate or misleading information sits in a company database, the plaintiffs' harm is roughly the same, legally speaking, as if someone wrote a defamatory letter and then stored it in her desk drawer. A letter that is not sent does not harm anyone, no matter how insulting the letter is." *Id.* The same analysis applies here. Plaintiffs do not plausibly allege that their information was disseminated to any other person. Accordingly, the mere existence of their non-private information in a database is insufficient to confer standing.

     c. *Other courts have found lack of standing in similar circumstances.*

Other courts have determined that a statutory violation alone is not sufficient to establish standing in similar circumstances. *See, e.g., Callahan v. Ancestry*, No. 20-cv-08437, 2021 U.S.

**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP**
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

Dist. LEXIS 112036 (N.D. Cal. June 15, 2021). In *Callahan*, the U.S. District Court for the Northern District of California determined that a data aggregator defendant's use of public profiles to solicit paying customers standing alone does not establish injury, even though the defendant profited from the use. *Id.* Moreover, the court concluded that the plaintiffs' conclusory and vague allegations of emotional harm to promote a product they knew nothing about cannot create an injury-in-fact. *Id.* In rejecting the plaintiffs' theory, the court in *Callahan* recognized that the cases finding mental anguish as sufficient injury all involved other injury along with mental anguish as opposed to the plaintiffs' allegation of mental anguish alone. *Id.* The same reasoning applies here where Plaintiffs have only made conclusory and vague allegations of emotional harm and have not alleged any other injury such as commercial loss or defamation.

Similarly, in *Verde v. Confi-Check, Inc.*, the U.S. District Court for the Northern District of Illinois considered allegations of a plaintiff who discovered that entering her name on the defendant's website generated a preview that showed her name, age, city of domicile, and relative's names. *Id.* No. 21 C 50092, 2021 U.S. Dist. LEXIS 178595 at *7 (N.D. Ill. Sept. 20, 2021). The plaintiff alleged that she was injured by the defendant's use of her identity for commercial purposes without her consent in violation of the Illinois Right of Publicity Act ("IRPA"). *Id.* at *6. Relying on *TransUnion*, the Court determined that the plaintiff lacked standing because she did not allege that the defendant ever provided any information about her to any third party. *Id.* at *13. In doing so, the court also distinguished another case with substantially similar allegations, *Lukis v. Whitepages Incorporated*, No. 19 C 4871, 2021 U.S. Dist. LEXIS 132843 (N.D. Ill. July 16, 2021). Whereas *Lukis* found standing, the court in *Verde* distinguished *Lukis* by stating, "this court reads *TransUnion* to require an allegation of

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

disclosure to a third party to allege a concrete injury caused by a violation of the IRPA; alleging only that the statute was violated is not enough to allege an injury in fact." *Id.* at *15.

These cases underscore that *TransUnion* is determinative in this case as well. Here, Plaintiffs do not plausibly allege that their information was disseminated to any third parties. Plaintiffs attempt to assert "upon information and belief" that "search engine users have placed queries for the names of each of the Plaintiffs and putative class members, obtained results which display links to the respective free-preview 'profile' pages corresponding to each of Plaintiffs and the putative class members, clicked on those links, and borne witness to the advertisements published by Defendant which misappropriate Plaintiffs' and the putative class members' names, photographs, identities, personas, and other personally identifying information as described herein." Complaint ¶ 87. Plaintiffs also allege, "upon information and belief" that " free-trial users of Defendant's platform have placed queries for the names of each of the Plaintiffs and putative class members, obtained results which display links to the respective free-trial "profile" pages corresponding to each of Plaintiffs and the putative class members, clicked on those links, and borne witness to the advertisements published by Defendant which misappropriate Plaintiffs' and the putative class members' names, photographs, identities, personas, and other personally identifying information as described herein." Complaint ¶ 104. However, these allegations are entirely speculative. Plaintiffs do not even allege why anyone would search for Plaintiffs' names, let alone select the RocketReach search result from any number of search results and then take the multiple steps to access their free-preview "profile" pages. The allegation that anyone would have accessed Plaintiffs' free-trial "profile" pages is even more speculative, given that a user would have to create an account to view such pages.

**WILSON, ELSER, MOSKOWITZ,**
**EDELMAN & DICKER LLP**
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

Therefore, Plaintiffs' Complaint should be dismissed for lack of standing based on failure to allege an injury in fact.

### 3. Plaintiffs cannot allege any injury that is fairly traceable to Defendant's conduct or redressable.

To establish standing, Plaintiffs must also allege sufficient facts to plausibly suggest that there is a causal connection between the injury and the conduct complained of. *Lujan*, 504 U.S. at 560-61. In other words, "the injury has to be "fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court." *Id.* The traceability element "requires the plaintiff to show a sufficiently direct causal connection between the challenged action and the identified harm." *Dantzler, Inc. v. Empresas Berrios Inventory & Operations., Inc.*, 958 F.3d 38, 47 (1st Cir. 2020). This causal connection must be demonstrable; in other words, it "cannot be overly attenuated." *Katz v. Pershing, LLC*, 672 F.3d 64, 71 (5th Cir. 2012) (internal quotation marks and citation omitted). Moreover, "[b]ecause the opposing party must be the source of the harm, causation is absent if the injury stems from the independent action of a third party." *Id.* at 71-72. To establish standing, Plaintiffs must also allege injury that is likely to be redressed by a favorable judicial decision. *Spokeo*, 578 U.S. at 338.

Plaintiffs' alleged injuries are not fairly traceable to the conduct at issue because any alleged injury associated with their names, employer information, and education information must be attributed to the initial source of the publication of this information. Accordingly, any alleged "injury" would not be redressed by a favorable decision, because the information at issue is available through other public sources. *See Lujan,* 504 U.S. at 562-570 (purported injury

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

not redressable where resolution by court would not have remedied alleged injury because it would not have been binding upon agencies who were not parties to suit).

Accordingly, Plaintiffs' Complaint must be dismissed for lack of standing because Plaintiffs cannot establish any injury that is fairly traceable to Defendant's actions or otherwise is redressable by a favorable decision.

## II.    Plaintiffs fail to state claims for relief under Rule 12(b)(6)

Even if Plaintiffs are able to establish standing, they fail to state a claim for relief.

### A.    Standard of review

Dismissal under Rule 12(b)(6) is appropriate where a plaintiff fails to state a claim upon which the requested relief could be granted. Fed. R. Civ. P. 12(b)(6). The Federal Rules of Civil Procedure require that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. § 8(a)(2). However, the complaint must include enough facts "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Id.* at 555, 557.

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A plausible claim for relief

ROCKETREACH LLC'S MOTION TO DISMISS – 12
2:24-cv-1626

**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP**
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556.

> **B.** **Plaintiffs' claims for violation of Washington's Personality Rights Act, RCW 63.60.050 (First and Second Claims) must be dismissed.**

The Washington Personality Rights Act ("WPRA") recognizes a limited statutory "right of publicity" whereby "[e]very individual or personality has a property right in the use of his or her name, voice, signature, photograph, or likeness." Wash. Rev. Code § 63.60.010. The WPRA also includes express, statutory exemptions. Many of the exemptions are listed under the heading "Exemptions from use restrictions—When chapter does not apply." Wash. Rev. Code § 63.60.070. The alleged use at issue falls within two of the statutory exemptions, which are discussed below.

> **1.** **The WPRA exempts uses that are insignificant, de minimis, or incidental**

One of the exemptions under the WPRA applies when the use at issue is "insignificant, de minimis, or incidental." Wash. Rev. Code § 63.60.070(6). That exemption provides as follows:

> This chapter does not apply to the use of an individual's or personality's name, voice, signature, photograph, or likeness when the use of the individual's or personality's name, voice, signature, photograph, or likeness is an insignificant, de minimis, or incidental use.

*Id.*

Even assuming that RocketReach's inclusion of Plaintiffs' information in its database constitutes a "use" under the WPRA, the use of Plaintiffs' names or likeness is insignificant, de minimis, or incidental because Plaintiffs are four individuals out of hundreds of millions in RocketReach's database. The Website, which Plaintiffs reference in their Complaint, states that

it contains 700 million profiles.[1] www.rocketreach.co ("700M profiles and 60M companies captured worldwide with unique coverage in healthcare, legal, founders, technology, and more") (last visited December 12, 2024). Four out of 700 million profiles represents approximately .00000057% of the profiles in RocketReach's database. Moreover, Plaintiffs have not plausibly alleged that any person viewed any of their profiles other than themselves or their attorneys. This is the epitome of insignificant, de minimis, or incidental use.

In determining whether the doctrine of incidental use applies, courts have considered "(1) whether the use has a unique quality or value that would result in commercial profit to the defendant, (2) whether the use contributes something of significance, (3) the relationship between the reference to the plaintiff and the purpose and subject of the work, and (4) the duration, prominence or repetition of the likeness relative to the rest of the publication." *Aligo v. Time-Life Books, Inc.*, No. C 94-20707 JW, 1994 U.S. Dist. LEXIS 21559, at *7-8 (N.D. Cal. Dec. 19, 1994) (internal citations omitted). Each of these factors confirm that any use of Plaintiffs' information is incidental.

Here, the use does not have a unique quality or value that would result in commercial profit to Defendant nor does it contribute something of significance. Again, Plaintiffs are four of 700 million individuals with a profile in RocketReach's database. Courts have held, however, that "[e]ven if the mention of a plaintiff's name or likeness is brief, if the use stands out prominently within the commercial speech or enhances the marketability of the defendant's

---

[1] "[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007); *see also In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1051 (9th Cir. 2014) (in ruling on a Rule 12(b)(6) motion, court may consider attached exhibits).

**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP**
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

product or service, the doctrine of incidental use is inapplicable." *Pooley v. Nat. Hole-In-One Ass'n*, 89 F. Supp. 2d 1108, 1113 (D. Ariz. 2000). Plaintiffs do not allege, nor could they, that the use of their personal information stands out prominently or enhances the marketability of Defendant's product or service. This is in contrast to the type of use found not to fall within the incidental exception. For example, in *Pooley*, the U.S. District Court for the District of Arizona considered the defendant's use of the name and likeness of the plaintiff, a professional golfer who made a hole-in-one shot and won one million dollars as a result, in a marketing video for its "Million Dollar Hole-in-One" fundraising promotion. *Id.* at 1110-11. The footage of the plaintiff constituted only six seconds of an eight minute video. *Id.* at 1112-13. Nevertheless, the court found that the use was "crucial" to the defendant's advertisement because without it, the video "would not have been very attractive to many golfers." *Id.* at 1113. The court concluded that the incidental use doctrine did not apply because the use of the plaintiff's name and likeness "clearly enhanced the marketability of [the] defendant's services." *Id.* That is not the case here.

Similarly, the relationship between the reference to Plaintiffs and the purpose and subject of the work counsels for application of the incidental exception as well. Initially, RocketReach has not actively referenced Plaintiffs. Instead, Plaintiffs or their attorneys have searched for Plaintiffs and located their free-preview profiles, resulting in the screenshots referenced in the Complaint. *See* Complaint ¶¶ 112, 132, 150, 169. The only "relationship" is that Plaintiffs' information appears within the RocketReach database with nearly 700 million other people.

Other courts finding that the incidental exception applied demonstrate that the facts in the present matter are even more insignificant than in those cases. *See, e.g., Preston v. Martin Bregman Productions, Inc.*, 765 F. Supp. 116, 118-19 (S.D.N.Y. 1991) (nine-second

**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP**
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

appearance in film); *Aligo*, 1994 U.S. Dist. LEXIS at *7-8 (four-second use of plaintiff's photograph in 29-minute infomercial).

### 2. The WPRA exempts uses that accurately describe a party's services

Another exemption applies when a use accurately describes the good or services of a party. Wash. Rev. Code § 63.60.070(5). That exemption provides as follows:

> This chapter does not apply to a use or authorization of use of an individual's or personality's name that is merely descriptive and used fairly and in good faith only to identify or describe something other than the individual or personality, such as, without limitation, to describe or identify a place, a legacy, a style, a theory, an ownership interest, or a party to a transaction or to accurately describe the goods or services of a party.

*Id.* Accordingly, the exemption applies to a use of an individual's name that is "merely descriptive" and "used fairly and in good faith only to identify or describe something other than the individual or personality, such as . . . to accurately describe the goods or services of a party." *Id.*

Here, Plaintiffs allege that the free-preview profile and free-trial profiles available on RocketReach violate the WPRA. However, both of these profiles are a use of an individual's name that is merely descriptive and used fairly and in good faith only to identify or describe RocketReach's services, including access to more information in its database. *Id.* Therefore, the use at issue falls within the explicit terms of the exemption such that there is no WPRA violation.

### C. Plaintiff Chun's claim for Violation of the California Right of Publicity Law, Cal. Civ. Code § 3344 (Third Claim) must be dismissed.

"California recognizes, in its common law and its statutes, 'the right of a person whose identity has commercial value--most often a celebrity--to control the commercial use of that identity.'" *Hoffman v. Capital Cities/ABC, Inc.*, 255 F.3d 1180, 1184 (9th Cir. 2001)(*quoting*

ROCKETREACH LLC'S MOTION TO DISMISS – 16
2:24-cv-1626

*Waits v. Frito-Lay, Inc.*, 978 F.2d 1093, 1098 (9th Cir. 1992)). California has long recognized a common law right of privacy for protection of a person's name and likeness against appropriation by others for their advantage. *Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1001 (9th Cir. 2001) (*citing Eastwood v. Superior Court*, 149 Cal. App. 3d 409, 416, 198 Cal. Rptr. 342 (Ct. App. 1983)). To sustain a common law cause of action for commercial misappropriation, a plaintiff must prove: "(1) the defendant's use of the plaintiff's identity; (2) the appropriation of plaintiff's name or likeness to defendant's advantage, commercially or otherwise; (3) lack of consent; and (4) resulting injury." *Id.* (*citing Eastwood,* 149 Cal. App. 3d at 417).

In addition to the common law cause of action, California has provided a statutory remedy for commercial misappropriation under the California Right of Publicity Law, California Civil Code § 3344 ("CPRL"). *Downing*, 265 F.3d at 1001. The remedies provided for under California Civil Code § 3344 complement the common law cause of action; they do not replace or codify the common law. *Id.* (*citing Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691-92 (9th Cir. 1998)). *Cross v. Facebook, Inc.*, 222 Cal.Rptr.3d 250, 265, 14 Cal.App.5th 190, 208 (Cal. 2017) ("Civil Code section 3344 was intended to complement, not supplant, common law claims for right of publicity."). The CPRL provides in relevant part, "any person who knowingly uses another's name, voice, signature, photograph, or likeness, in any manner … for purposes of advertising … without such person's prior consent … shall be liable for any damages sustained by the person." Cal. Civ. Code § 3344(a). Under the CPRL, a plaintiff must prove all the elements of the common law cause of action. *Downing*, 265 F.3d at 1001. In addition, the plaintiff must allege a knowing use by the defendant as well as a direct connection

**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP**
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

between the alleged use and the commercial purpose. *Id.* (*citing Eastwood*, 149 Cal. App. 3d at 417).

### 1. Plaintiff Chun does not plausibly allege appropriation of his name or likeness to Defendant's advantage.

Plaintiff Chun alleges that RocketReach used his personal information to advertise its services or products. However, as the U.S. District Court for the Northern District of California has noted, "[v]irtually all right of publicity cases involve the use of a person's name or likeness to advertise a separate product or service." *Brooks v. Thomson Reuters Corp.*, No. 21-cv-01418-EMC, 2021 U.S. Dist. LEXIS 154093 at *13 (N.D. Cal. Aug. 16, 2021). In *Brooks*, the court determined that the plaintiffs failed to state a claim for violation of the right of publicity where the defendant did not appropriate their name or likeness in its database because the plaintiffs "allege that the product *is* their name, likeness, and personal information." *Id.* at *14. Here, the product at issue is also a database of information about individuals. Because Plaintiff Chun does not allege a separate product, he does not plausibly allege appropriation of his name or likeness to Defendant's advantage.

### 2. The use at issue is exempt under the doctrine of incidental use.

As explained above, application of the factors requires that the doctrine of incidental use applies. *Aligo*, 1994 U.S. Dist. LEXIS 21559 at *7-8. The use of Plaintiff Chun's public information does not have a unique quality or value that would result in commercial profit to defendant nor does it contribute something of significance. Plaintiff Chun does not allege, nor could he, that the use of his personal information stands out prominently or enhances the marketability of Defendant's product or service. Additionally, the relationship between the reference to Plaintiff Chun and the purpose and subject of the work counsels for application of

**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP**
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

the incidental exception as well. Initially, RocketReach has not actively referenced Plaintiff Chun. Instead, Plaintiff Chun or his attorneys have searched for him and located his free-preview profiles, resulting in the screenshot referenced in the Complaint. *See* Complaint ¶ 132. The only "relationship" is that his information appears within the RocketReach database with nearly 700 million other people.

For these reasons, the use at issue is incidental such that it is exempt from the CPRL.

### 3. Plaintiff Chun fails to sufficiently plead mental anguish.

Plaintiff Chun alleges statutory damages under Section 3344 of the CPRL. To claim minimum statutory damages, however, he must plead mental harm. *See Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1222, 1242-43 (N.D. Cal. 2014) (*citing Miller v. Collectors Universe, Inc.,* 159 Cal. App. 4th 988, 72 Cal. Rptr. 3d 194 (2008)). As explained above, his allegations of mental anguish are conclusory and not plausible. Accordingly, Plaintiff's allegations fail to establish the requirement under Section 3344.

For this additional reason, Plaintiff Chun's claim under the CPRL should be dismissed.

### D. Plaintiff Smith's claim for violation of the Illinois Right of Publicity Act, 765 ILCS 1075 (Fourth Claim) must be dismissed.

IRPA prohibits the unauthorized use of an individual's identity for "commercial purposes." 765 ILCS 1075/30. *See Dobrowolski v. Intelius, Inc.*, No. 17 CV 1406; No. 17 CV 1447; No. 17 CV 1519, 2018 U.S. Dist. LEXIS 24034, at *3 (N.D. Ill. May 21, 2018). A commercial purpose is defined as "the public use or holding out of an individual's identity (i) on or in connection with the offering for sale or sale of a product, merchandise, goods, or services; [or] (ii) for purposes of advertising or promoting products, merchandise, goods, or services . . ." 765 ILCS 1075/5.

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

In establishing "commercial purpose" courts have interpreted IRPA to require promotion of a product other than that involving the alleged use. *Thompson v. Getty Images (US), Inc.,* No. 13 C 1063, 2013 WL 91828, at *5 (N.D. Ill. July 1, 2013) ("IRPA prohibits the use of an individual's image to promote or entice the purchase of some other product than the photograph itself."). The court determined that the statute was intended to protect against uses such as an individual's picture on the back of a "bus indicating that he endorsed a particular kind of hair tonic" or "an ad by a food establishment stating that its cheeseburger was endorsed by the Speaker of the House." *Id.* at *6. Ultimately, the court stated that it was "unpersuaded that showing a buyer a photograph of a person that she is considering whether to buy qualifies as a 'commercial purpose' as the IPRA uses that term." *Id.* Here, Plaintiff Smith alleges that individuals who search for her name can access a free-preview profile on RocketReach's Website that includes the statement "View Ronesha's Email," which is also included in the screenshot of her free-preview profile. Complaint ¶¶ 150, 153. Because the profiles at issue merely provides a preview of the thing that can be viewed by creating an account, this is not a "commercial purpose" within contemplation of the IRPA under *Thompson.*

**E.    Plaintiff Nicastro's claim for violation of the Ohio Right of Publicity in Individual's Persona Act Ohio Rev. Code Ann. § 2741 claim (Fifth Claim) must be dismissed.**

The Ohio Right of Publicity in Individual's Persona Act ("ORPIPA") provides that "a person shall not use any aspect of an individual's persona for a commercial purpose . . . [d]uring the individual's lifetime" without that individual's written consent. Ohio Rev. Code § 2741.02. The statute defines "persona" as "an individual's name, voice, signature, photograph, image, likeness, or distinctive appearance, if any of these aspects have commercial value." *Id.* § 2741.01(A). Its definition of "commercial purpose" includes, in relevant part, "on or in

**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP**
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

connection with a place, product, merchandise, goods, services, or other commercial activities" and "for advertising or soliciting the purchase of products, merchandise, goods, services, or other commercial activities." *Id.* § 2741.01(B)(1)-(2). The statute provides a private right of action for "an individual whose right of publicity is at issue." Id. § 2741.06(A)(1).

The Ohio common law tort of "appropriation of name or likeness" is "a well-recognized branch of the more general tort of interference with the right of privacy." *Zacchini v. Scripps-Howard Broad. Co.*, 47 Ohio St. 2d 224, 225, 351 N.E.2d 454 (1976) (*citing Housh v. Peth*, 165 Ohio St. 35, 133 N.E.2d 340 (1956); Restatement of Torts 2d § 652C), *rev'd on other grounds*, 433 U.S. 562, 97 S. Ct. 2849, 53 L. Ed. 2d 965 (1977). This tort claim, like ORPIPA, subjects a defendant to liability "when he 'appropriates to his own use or benefit the name or likeness of another.'" *Roe v. Amazon.com*, 714 F. App'x 565, 568 (6th Cir. 2017) (*quoting Zacchini*, 47 Ohio St. 2d at 230 n.4). As with ORPIPA, to state a claim, "plaintiffs must demonstrate that their name or likeness has value." *Id.* (*citing James v. Bob Ross Buick, Inc.*, 167 Ohio App. 3d 338, 343, 2006 Ohio 2638, 855 N.E.2d 119 (2006)).

### 1. Plaintiff cannot demonstrate that her name or likeness has value

Plaintiff Nicastro must demonstrate that her name or likeness has value to state a claim under ORPIPA. *Roe*, 714 F. App'x at 568. Instead, she only alleges in conclusory fashion that her "name, identity, persona, and other personally identifying information has commercial value, as demonstrated by Defendant's misappropriation of these protected personal attributes in advertising for its web-based subscription platform." Complaint ¶ 178. These allegations are conclusory in that she does not even allege that the free-preview profile includes an opportunity to subscribe to RocketReach's Website, and the screenshot included in the Complaint does not demonstrate otherwise. Complaint ¶ 169. Instead, Plaintiff contends that a user would have had

**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP**
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

to search for her profile, access it, sign up for a free-trial, access her free-trial preview, and then subscribe to RocketReach's services. This theory is not plausible. Moreover, as the U.S. District Court for the Northern District of Ohio noted recently, "deliberate use of an individual's likeness by a defendant does not automatically confer value upon it or make it nonincidental." *See Hudson v. Datanyze, LLC,* 702 F. Supp. 3d 628, 633 (N.D. Ohio 2023), *appeal docketed*, No. 23-3998 (6th Cir. Dec. 14, 2023). Accordingly, Plaintiff Nicastro's conclusory allegations are not sufficient to establish that her name or likeness has value.

### 2. The use at issue is otherwise incidental.

The use of Plaintiff Nicastro's public information is otherwise incidental. The U.S. District Court for the Northern District of Ohio recently dismissed a similar case under Ohio's Right of Publicity statute based on its determination that a similar use of information was incidental. *See Hudson,* 702 F. Supp. 3d at 634. In *Hudson*, the court considered a website that serves as a subscription-based directory of sales and marketing professionals. *Id.* at 630. The court recognized that the plaintiffs' information was in the defendant's database, which purportedly contained 120 million profiles. *Id.* at 634. The court also noted that the plaintiffs did not allege any intrinsic value, reputation, or prestige in their personas as required by the statute and by the Ohio Supreme Court in *Zacchini*. Ohio Rev. Code § 2741.01(A); *Zacchini*, 47 Ohio St. 2d at 230 n.4.

In reaching its decision, the court in *Hudson* relied on two other cases, *Harvey v. Systems Effect, LLC*, 154 N.E.3d 293, 306-07, 2020-Ohio-1642 (Ohio Ct. App. 2020) and *Vinci v. Am. Can Co.*, 69 Ohio App. 3d 727, 729, 591 N.E.2d 793 (1990). In *Harvey*, the Court of Appeals of Ohio determined that the plaintiff's name did not have any commercial value and the use of her name was incidental in that she was mentioned in only three slides of a 200-page

**WILSON, ELSER, MOSKOWITZ,**
**EDELMAN & DICKER LLP**
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

presentation. *Id.* 154 N.E.3d at 306-07. Similarly, in *Vinci*, the Court of Appeals of Ohio determined that reference to Olympic athletes names, likenesses, and identities on a series of promotional disposable drinking cups was merely incidental, historical information. *Id.,* 69 Ohio App. 3d at 729, 591 N.E.2d at 794. Significantly, the court noted, "The fact that the defendant is engaged in the business of publication, for example of a newspaper, out of which he makes or seeks to make a profit, is not enough to make the incidental publication a commercial use of the name or likeness." *Id.* (*quoting Zacchini*, 47 Ohio St.2d 224, 1 O.O.3d 129, 351 N.E.2d 454, *reversed on other grounds* (1977), 433 U.S. 562).

For the same reasons as in these cases, any use of Plaintiff's Nicastro's information here was incidental. Because Plaintiff Nicastro cannot demonstrate that her name or likeness has commercial value and the use at issue is otherwise incidental as one in hundreds of millions of profiles, Plaintiff's ORPIPA claim should be dismissed.

## **CONCLUSION**

For these reasons set forth above, the Court should dismiss Plaintiffs' Complaint in its entirety.

I certify that this pleading contains 7909 words in compliance with the Local Civil Rules.

//

//

//

//

//

//

//

**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP**
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

DATED this 27th day of December, 2024.

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP


By: *s/ Patrick Lynch*
  Anjali Das, *Pro Hac Vice*
  Matthew N. Foree, *Pro Hac Vice*
  Patrick Lynch, WSBA #53147
  520 Pike Street, Suite 2350
  Seattle, WA 98101
  (206) 709-6665 (direct)
  (206) 709-5900 (main)
  (206) 709-5901 (fax)
  Anjali.Das@Wilsonelser.com
  Matthew.Foree@wilsonelser.com
  Patrick.lynch@wilsonelser.com

  *Attorney for Defendant*

**WILSON, ELSER, MOSKOWITZ,**
**EDELMAN & DICKER LLP**
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

## CERTIFICATE OF SERVICE

The undersigned certifies that on December 27, 2024, a true and correct copy of the foregoing was served on the attorneys of record listed below, via the method indicated:

| | |
|---|---|
| ***Counsel for Plaintiffs***<br>Nick Major, WSBA #49579<br>NICK MAJOR LAW<br>450 Alaskan Way S, #200<br>Seattle, WA 98104<br>Nick@nickmajorlaw.com<br><br>Tyler K. Somes, *Pro Hac Vice*<br>HEDIN LLP<br>1100 15th St NW, Ste. 04-108<br>Washington, D.C. 20005<br>tsomes@hedinllp.com | ☑ U.S. Mail<br>☐ Hand Delivery<br>☐ Facsimile<br>☐ Overnight<br>☑ E-mail<br>☑ E-Service via Court Application<br>☐ Messenger |

I certify under the penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED this 27th day of December, 2024, at Seattle, Washington.


*/s/J. Y'honatan Frakes*
J. Y'honatan Frakes, Legal Assistant
Yhon.frakes@wilsonelser.com

ROCKETREACH LLC'S MOTION TO DISMISS – 25
2:24-cv-1626

**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP**
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)