THE HONORABLE RICARDO S. MARTINEZ
NOTING DATE: Thursday, March 20, 2025

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSEPH SANT, MERTON CHUN,
RONESHA SMITH, and HEATHER
NICASTRO, individually and on behalf of
all others similarly situated,

        Plaintiffs,

    v.

ROCKETREACH LLC,

        Defendant.

CAUSE NO. 2:24-cv-1626

ROCKETREACH LLC'S MOTION TO
STRIKE CLASS ALLEGATIONS

**WILSON, ELSER, MOSKOWITZ,**
**EDELMAN & DICKER LLP**
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................ 1

ARGUMENT AND CITATION TO AUTHORITY ............................................. 2

    I.    The Court should strike the class allegations under Rules 12(f) and 23(c) ................................................................................ 2

        A.    Applicable Standards ............................................................ 2

        B.    Plaintiffs waived any class claims ........................................ 2

        C.    The Washington Personality Rights Act prohibits class actions ........... 3

        D.    Plaintiffs impermissibly apply Washington law to putative class members domiciled elsewhere ............................................. 5

            1.    There is an actual conflict between the laws or interests of Washington and the laws or interests of other states' right to publicity laws ................................. 5

            2.    Plaintiffs' class claims present questions of varying state law ........................................................ 6

        E.    The Illinois and Ohio statutes preclude class actions ............................. 7

        F.    The proposed classes must be stricken because they are overly broad ........................................................................ 8

            1.    Plaintiffs' putative class definitions include no time limitations ...................................................... 8

            2.    Plaintiffs' putative class definitions do not exclude those individuals who provided consent ............................... 9

        G.    Plaintiffs' allegations reveal that individualized issues predominate, making a class action inappropriate ............................. 10

            1.    Plaintiffs' claims require proof of individualized coverage by the relevant statute ................................... 10

            2.    Plaintiffs' claims require individualized proof of those individuals who agreed to arbitrate their claims and/or waived class claims ........................................ 111

            3.    Plaintiffs' claims require individualized proof of ownership rights ...................................................... 122

ROCKETREACH LLC'S MOTION TO STRIKE CLASS
ALLEGATIONS – i
2:24-cv-1626

**WILSON, ELSER, MOSKOWITZ,**
**EDELMAN & DICKER LLP**
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

4.  Plaintiff's claims require proof of individualized commercial value................................................................. 12

5.  Plaintiffs' claims require proof of individualized damages .......................................................................... 12

H.  Plaintiffs' class allegations should be stricken because a class action is not a superior method to adjudicate the controversy ............ 13

CONCLUSION ............................................................................................ 144

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Am. C.L. Union v. Johnson*,
194 F.3d 1149 (10th Cir. 1999) .......................................................................... 12

*Bates v. Bankers Life & Cas. Co.*,
993 F. Supp. 2d 1318 (D. Or. 2014), aff'd, 716 F. App'x 729 (9th Cir.
2018) ...................................................................................................................... 5

*Bearden v. Honeywell Intern. Inc.*,
2010 WL 3239285 (M.D. Tenn. Aug. 16, 2010) .......................................... 9, 15

*Blair v. Nevada Landing P'ship*,
859 N.E.2d 1188 (Ill. App. 2d Dist. 2006) ....................................................... 16

*Bohen v. ConAgra Brands, Inc.*,
2024 WL 1254128 (N.D. Ill. Mar. 25, 2024) .................................................... 14

*Bund v. Safeguard Properties, LLC*,
2016 WL 11530734 (W.D. Wash. Mar. 2, 2016) ............................................... 4

*Cashatt v. Ford Motor Co.*,
2021 WL 1140227 (W.D. Wash. Mar. 24, 2021) ............................................... 4

*Christoff v. Nestle USA, Inc.*,
213 P.3d 132 (Cal. 2009) ................................................................................... 16

*Cronin v. Portfolio Recovery Assocs., LLC*,
8:15-CV-00768-EAK-EAJ, 2016 U.S. Dist. LEXIS 57541 (M.D. Fla. Apr.
29, 2016) ................................................................................................................ 6

*CVS Health v. Vividus, LLC*,
878 F.3d 703 (9th Cir. 2017) ............................................................................... 6

*Davenport v. Charter Communications, LLC*,
35 F. Supp. 3d 1040 (E.D. Miss. 2014) .............................................................. 8

*Dean Witter Reynolds, Inc. v. Superior Court (Abascal)*
(1989) ................................................................................................................... 22

*Delgado v. Ocwen Loan Servicing, LLC*,
2017 WL 5201079 (E.D.N.Y. Nov. 9, 2017) ...................................................... 8

*Driscoll v. George Washington University*,
42 F. Supp. 3d 52 (D. D.C. 2012) ....................................................................... 8

ROCKETREACH LLC'S MOTION TO STRIKE CLASS
ALLEGATIONS – iii
2:24-cv-1626

**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP**
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

*Dryer v. Nat'l Football League,*
 2013 WL 5888231 (D. Minn. Nov. 1, 2013), *aff'd sub nom. Marshall v.
 Nat'l Football League,* 787 F.3d 502 (8th Cir. 2015) ............................ 10, 11, 12

*In re Dynamic Random Access Memory (Dram) Antitrust Litigation,*
 516 F. Supp. 2d 1072 (N.D. Cal. 2007) ............................................................. 7

*Erwin v. Cotter Health Ctrs.,*
 161 Wn.2d 676, 167 P.3d 1112 (Wash. 2007) ................................................ 10

*Gen. Tel. Co. of Sw. v. Falcon,*
 457 U.S. 147 (1982) ........................................................................................... 5

*Gonzalez v. American Honda Motor Co., Inc.,*
 2024 WL 1107438 (C.D. Cal. Mar. 8, 2024) .................................................... 7

*Hanna v. Plumer,*
 380 U.S. 460 (1965) ........................................................................................... 7

*Hine v. Ohiohealth Corp.,*
 680 F. Supp. 3d 861 (S.D. Ohio 2023) ...................................................... 13, 14

*Holmes v. Pension Plan of Bethlehem Steel Corp.,*
 213 F.3d 124 (3d Cir. 2000) ............................................................................ 15

*Intercon Solutions, Inc. v. Basel Action Network,*
 969 F. Supp. 2d 1026 (N.D. Ill. 2013) ............................................................ 13

*Jackson v. Suzuki Motor of Am., Inc.,*
 2024 WL 3914666 (C.D. Cal. July 9, 2024) ................................................... 11

*Jones v. Micron Technology,*
 400 F. Supp. 3d 897 (N.D. Cal. 2019).............................................................. 8

*Lightbourne v. Printroom Inc.,*
 307 F.R.D. 593 (C.D. Cal. 2015).............................................................. 11, 12

*Mantolete v. Bolger,*
 767 F.2d 1416 (9th Cir. 1985) ........................................................................... 5

*Martinez v. TD Bank USA, N.A.,*
 2017 U.S. Dist. LEXIS 101979 (D.N.J. June 30, 2017).................................. 17

*Mazza v. Am. Honda Motor Co.,*
 666 F.3d 581 (9th Cir. 2012), *overruled on other grounds by Olean
 Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC,* 31 F.4th 651
 (9th Cir. 2022) ................................................................................................. 11

*Pardini v. Unilever United States, Inc.,*
 961 F. Supp. 2d 1048 (N.D. Cal. 2013)............................................................. 5

ROCKETREACH LLC'S MOTION TO STRIKE CLASS
ALLEGATIONS – iv
2:24-cv-1626

**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP**
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

*Prima v. Darden Restaurants, Inc.*,
    78 F. Supp. 2d 337 (D.N.J. 2000) ................................................................. 10

*Sanders v. Apple Inc.*,
    672 F. Supp. 2d 978 (N.D. Cal. 2009) .............................................................. 5

*Senne v. Kansas City Royals Baseball Corp.*,
    934 F.3d 918 (9th. Cir. 2019) ......................................................................... 9

*Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.*,
    559 U.S. 393 (2010) ........................................................................... 7, 13, 14

*The Cousteau Society, Inc. v. Cousteau*,
    498 F. Supp. 3d 287 (D. Conn. 2020) ........................................................... 11

*Tietsworth v. Sears*,
    720 F. Supp. 2d 1123 (N.D. Cal. 2010) ........................................................... 5

*TransUnion LLC v. Ramirez*,
    141 S. Ct. 2190 (2021) ................................................................................. 16

*In re Trilegiant Corp, Inc.*,
    11 F. Supp. 3d 82 (D. Conn. 2014) ................................................................. 9

*United Food & Commer. Workers Local 1776 & Participating Employers
    Health & Welfare Fund v. Teikoku Pharma USA, Inc.*,
    74 F. Supp. 3d 1052 (N.D. Cal. 2014) ............................................................. 7

*Vann v. Dolly, Inc.*,
    No. 18 C 4455, 2020 U.S. Dist. LEXIS 31678 (N.D. Ill. Feb. 25, 2020) ......... 15

*Warnick v. Dish Network LLC*,
    301 F.R.D. 551 (D. Colo. 2014) ................................................................... 17

*In re Wellbutrin XL Antitrust Litig.*,
    756 F. Supp. 2d 670 (E.D. Pa. 201) ............................................................ 7, 8

*In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*,
    302 F.R.D. 448 (N.D. Ohio Sep. 2, 2014) ..................................................... 14

*In re Whirlpool Corp. Front-Loading Washier Prods. Liab. Litig.*,
    2010 WL 2756947 (N.D. Ohio July 12, 2010) ............................................... 13

*Willstrop v. Prince Marketing LLC*,
    2019 WL 11851138 (D. Neb. July 1, 2019) ................................................... 11

*Zinser v. Accufix Research Inst., Inc.*
    253 F.3d 1180 (9th Cir. 2001) ...................................................................... 10

**Statutes**

765 ILCS 1075/1 .......................................................................................... 1, 11, 13

ROCKETREACH LLC'S MOTION TO STRIKE CLASS
ALLEGATIONS – v
2:24-cv-1626

**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP**
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

765 ILCS 1075/5 ......................................................................................................... 19

765 ILCS 1075/20 ....................................................................................................... 17

765 ILCS 1075/30(a) ................................................................................................... 17

Cal. Civ. Code § 3344 ................................................................................................... 1

Cal. Civ. Code § 3344(a) ..................................................................................... 16, 19

Ohio Consumer Protect Act ....................................................................................... 13

Ohio Rev. Code Ann. § 2741.01 ................................................................... 1, 13, 19, 20

Ohio Rev. Code Ann. § 2741.06 ................................................................................ 13

Ohio Rev. Code Ann. § 2741.07(C) .......................................................................... 16

Ohio Rev. Code § 2741.02 ......................................................................................... 17

Telephone Consumer Protection Act ........................................................................ 17

Tenn. Code Ann. § 47-18-109(a)(1) ......................................................................... 14

Tennessee's Consumer Protection Act ......................................................... 14, 15, 17

Virginia's Consumer Protection Act ........................................................................ 14

Wash. Rev. Code § 4.16.080(2) ................................................................................. 16

Wash. Rev. Code § 63.60 .............................................................. 1, 6, 7, 8, 9, 12, 16

Wash. Rev. Code § 63.60.050 ............................................................................. 17, 19

Wash. Rev. Code § 63.60.070 .................................................................................. 6, 8

Wash. Rev. Code § 63.60.070(3) ................................................................................ 6

**Rules**

Fed. R. Civ. P. 12(f) ..................................................................................................... 4

Fed. R. Civ. P. 23 .................................................................... 5, 7, 13, 14, 15, 18

Fed. R. Civ. P. 23(a) ..................................................................................................... 5

Fed. R. Civ. P. 23(c) ..................................................................................................... 4

Fed. R. Civ. P. 23(c)(1)(A) .......................................................................................... 4

Fed. R. Civ. P. 23(d) ..................................................................................................... 4

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

Fed. R. Civ. P. 23(d)(1)(D) ............................................................................ 4

**Other Authorities**

Restatement (Second) of Conflict of Laws. Id. at 1120-21 ....................................... 10

Restatement (Second) of Conflict of Laws § 153 ...................................................... 11

Thomas McCarthy, *The Rights of Publicity and Privacy 2d § 6:6 (2014)* .............................. 10

ROCKETREACH LLC'S MOTION TO STRIKE CLASS
ALLEGATIONS – vii
2:24-cv-1626

**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP**
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

COMES NOW, Defendant RocketReach LLC ("RocketReach" or "Defendant"), by and through its undersigned counsel, and hereby files this Motion to Strike Class Allegations, stating as follows:

## **INTRODUCTION**

On October 8, 2024, Plaintiffs Joseph Sant, Merton Shun, Ronesha Smith, and Heather Nicastro ("Plaintiffs"), individually and on behalf of putative classes, filed the Class Action Complaint ("Complaint") asserting claims under the right of publicity statutes of Washington, California, Illinois, and Ohio. RocketReach provides free and subscription-based products for those seeking publicly available information stored in its database, which is intended to be used by professionals to find other professionals. Plaintiffs generally contend that RocketReach "misappropriates" their information by creating purported "free-preview profile" and "free-trial preview profile" pages that appear in the RocketReach database.

Plaintiffs seek to bring this action individually and on behalf of ten proposed classes identified in the Complaint. Plaintiffs First Claim for Relief seeks relief on a class basis through a nationwide class. Complaint ¶¶ 187-188, 190-191, 193-194, 196-197. The other Claims for Relief assert class relief through a state-wide class. Complaint ¶¶ 184-185. All of the class definitions refer to "All natural persons" for whom Defendant established either a free-preview "profile" page or a free-trial "profile" page on www.rocketreach.co. Complaint ¶ 184-185, 187-188, 190-191, 193-194, 196-197.

Defendant seeks to strike Plaintiffs' class allegations on the grounds that the Complaint, on its face, makes clear that certain of the right of publicity statutes preclude class claims such that they should be stricken. Additionally, individualized issues of law and fact predominate over questions affecting individual proposed class members. In light of the foregoing, a class action is also not a superior method by which to adjudicate the claims against Defendant.

**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP**
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

# ARGUMENT AND CITATION TO AUTHORITY

## I. The Court should strike the class allegations under Rules 12(f) and 23(c)

### A. Applicable Standards

Rule 12(f) allows courts to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Rule 23(c) states that "[a]t an early practicable time . . . , the court must determine by order whether to certify the action as a class action." Fed. R. Civ. P. 23(c)(1)(A). Rule 23(d) allows courts to order "that the pleadings be amended to eliminate allegations of absent persons and that the action proceed accordingly." Fed. R. Civ. P. 23(d)(1)(D). These rules permit courts to strike class allegations in a complaint before discovery. *Cashatt v. Ford Motor Co.*, No. 3:19-cv-05886, 2021 U.S. Dist. LEXIS 56724, at *2-3 (W.D. Wash. Mar. 24, 2021) ("Courts in this circuit have cut off class actions when little-to-no discovery had taken place.")

A court should strike class allegations when "the complaint demonstrates that a class action cannot be maintained on the facts alleged." *Sanders v. Apple Inc.,* 672 F. Supp. 2d 978, 989-90 (N.D. Cal. 2009). The burden is on the plaintiff to "advanc[e] a prima facie showing that the class action requirements of Fed. R. Civ. P. 23 are satisfied or that discovery is likely to produce substantiation of the class allegations." *Mantolete v. Bolger,* 767 F.2d 1416, 1424 (9th Cir. 1985).

### B. Plaintiffs waived any class claims

As explained in Defendant's Motion to Compel Arbitration, Plaintiffs agreed to RocketReach's Terms of Service, which includes an arbitration agreement (the "Arbitration Agreement"). The Arbitration Agreement provides that Plaintiffs cannot pursue claims as a class action. Nevertheless, Plaintiffs have filed the present suit as a class action. As the Arbitration Agreement is a valid and binding agreement, the class action waiver contained

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

therein is also enforceable against Plaintiff. Accordingly, the Court should dismiss and/or strike Plaintiffs' class claims in accordance with the Arbitration Agreement.

### C.     The Washington Personality Rights Act prohibits class actions.

Plaintiffs First and Second Claims for Relief are raised pursuant to the Washington Personality Rights Act ("WPRA"). The First Claim for Relief is alleged on behalf of all Plaintiffs, individually and on behalf of nationwide classes. Complaint ¶¶ 209-222. The Second Claim for Relief is alleged on behalf of Plaintiff Sant, individually and on behalf of the Washington Classes. Complaint ¶¶ 223-236.  These class claims should be stricken because the WPRA precludes claims brought as a class action. Specifically, Revised Code of Washington § 63.60.070, titled "Exemptions from use restrictions—When chapter does not apply," states:

> It is no defense to an infringement action under this chapter that the use of an individual's or personality's name, voice, signature, photograph, or likeness includes more than one individual or personality so identifiable. However, ***the individuals or personalities complaining of the use shall not bring their cause of action as a class action.***

Wash. Rev. Code § 63.60.070(3) (2024) (emphasis added).

Generally, federal courts in diversity cases "apply state substantive law and federal procedural law." *Hanna v. Plumer,* 380 U.S. 460, 465 (1965). Here, the class action ban in the WPRA functions as part of that statute's definition of substantive rights and remedies and should therefore be enforced. In *Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.,* 559 U.S. 393 (2010), Justice Stevens's concurring opinion recognized that "there are some state procedural rules that federal courts must apply in diversity cases because they function as part of the State's definition of the substantive rights and remedies." *Id.* at 416-17 (Stevens, J., concurring). As he stated, a federal rule "cannot govern a particular case in which the rule would displace a state law that is procedural in the ordinary use of the term but is so intertwined with

**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP**
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

a state right or remedy that it functions to define the scope of the state-created right." *Id.* at 423 (Stevens, J., concurring).

The first step in the analysis is whether the WPRA class action bar conflicts with Rule 23. *See Ellis v. Salt River Project Agric. Improvement & Power Dist.*, 24 F.4th 1262, 1269 (9th Cir. 2022). Here, there is such a conflict, but "[t]hat does not mean . . . that the federal rule always governs." *Shady* Grove, 559 U.S. at 417. Instead, the next step is whether following the federal rule would violate the Rules Enabling Act ("Enabling Act"), which "instructs only that federal rules cannot 'abridge, enlarge or modify any substantive right.'" *Id.* (*citing* Enabling Act, § 2072(b)). In his analysis, Justice Stevens considered the following factors: "(1) whether the state procedural rule was located in the general code of procedure or with the substantive law; (2) whether the state procedural rule applied to only claims brought under the substantive laws of that state (suggesting the state procedural law defined the state rights or remedies) or all claims (suggesting it did not); and (3) whether the legislative history suggested the state procedural rule was 'intimately bound up in the scope of a substantive right or remedy.'" *Hines v. OhioHealth Corp.*, 680 F.Supp.3d 861, 868 (S.D. Ohio 2023) (*quoting Shady Grove*, 559 U.S. at 432-36).

Here, the above factors weigh in favor of the WPRA class action ban being substantive. The ban appears in the same section of the statute as the substantive provisions providing for exemptions from use restrictions under the statute. RCW § 63.60.070. Moreover, the class action ban applies only to the WPRA. Additionally, the legislative history of the WPRA reinforces that the statute was intended to extend only on an individual basis for purposes of proving a substantive claim. *See* Wash. House Bill Rep., 1998 Reg. Sess. H.B. 1074 ("However, an individual or personality who sues the infringer must do so on his or her own behalf, as opposed to part of the group ….").

ROCKETREACH LLC'S MOTION TO STRIKE CLASS
ALLEGATIONS – 4
2:24-cv-1626

**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP**
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

Because all three factors weigh in favor of the class action ban, the Court should apply the ban and strike Plaintiffs' class allegations.

### D. Plaintiffs impermissibly apply Washington law to putative class members domiciled elsewhere.

Even if the Court determines that the WPRA ban on class actions does not preclude Plaintiffs' class claims, Plaintiffs' class allegations in the First and Second Claims for Relief otherwise should be stricken because they cannot apply Washington law to putative class members domiciled in other states and governed by the laws of those states. "Understanding which law will apply before making a predominance determination is important when there are variations in applicable state law," and "potentially varying state laws may defeat predominance in certain circumstances." *Senne v. Kansas City Royals Baseball Corp.*, 934 F.3d 918, 928 (9th. Cir. 2019) (quoting *Zinser v. Accufix Research Inst., Inc.* 253 F.3d 1180 (9th Cir. 2001)). Washington choice-of-law rules prescribe a two-part test. First, a court must determine whether there is an actual conflict between the laws or interests of Washington and the laws or interests of another state before engaging in a conflict of laws analysis. *Erwin v. Cotter Health Ctrs.*, 161 Wn.2d 676, 167 P.3d 1112, 1120 (Wash. 2007). "If the result of a particular issue is different under the law of the two states, there is a real conflict." *Id.* Second, when a conflict exists and the parties have not made an express choice of law, courts must apply the "most significant relationship test," as set forth in the *Restatement (Second) of Conflict of Laws. Id.* at 1120-21.

### 1. There is an actual conflict between the laws or interests of Washington and the laws or interests of other states' right to publicity laws.

Right of publicity laws present "a crazy quilt of different responses at different times to different demands on the legislatures." J. Thomas McCarthy, *The Rights of Publicity and*

**WILSON, ELSER, MOSKOWITZ,**
**EDELMAN & DICKER LLP**
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

*Privacy 2d § 6:6 (2014).* Courts have recognized a conflict among states' right of publicity laws. *See, e.g., Dryer v. Nat'l Football League,* 2013 WL 5888231, at *5 (D. Minn. Nov. 1, 2013), *aff'd sub nom. Marshall v. Nat'l Football League,* 787 F.3d 502 (8th Cir. 2015) (quotations, citations omitted) ("Some of these states have statutes setting forth the parameters of rights of publicity. . . . Others rely on their common law to establish such rights. . . . And still others do not recognize such rights at all.")

Significant differences among right of publicity statutes include the fact that certain states do not recognize a right of publicity at all (Alaska, Colorado, Delaware, Idaho, Iowa, Kansas, Maine, Maryland, Mississippi, Montana, North Carolina, North Dakota, Oregon, Vermont, and Wyoming). Additionally, the scope of unlawful use varies; statutes of limitations vary; certain states do not allow (or limit) statutory or punitive damages; express/implied consent laws vary; etc. These are material differences that create a conflict because they spell the difference between the success and failure of a claim.

2.    Plaintiffs' class claims present questions of varying state law.

Courts have recognized that, under the most significant relationship test, the appropriate law for a claim for violation of an individual's right of publicity will be "the state which, with respect to the particular issue, has the most significant relationship to the occurrence and the parties," which "will usually be the state where the plaintiff was domiciled at the time if the matter complained of was published in that state." *The Cousteau Society, Inc. v. Cousteau,* 498 F. Supp. 3d 287, 314 (D. Conn. 2020) (*quoting* Restatement (Second) of Conflict of Laws § 153). Plaintiffs purport to only apply Washington law to a nationwide putative class when it cannot apply to all members of the class. Therefore, the Court should strike their class allegations. *See, e.g., Lightbourne v. Printroom Inc.,* 307 F.R.D. 593, 597-98 (C.D. Cal. 2015) (denying certification in right of publicity case after refusing to apply California law class-

**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP**
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

wide); *Dryer v. Nat'l Football League,* 2013 WL 5888231 at *7 (denying certification after declining to apply right of publicity laws of New Jersey to nationwide class).

**E.     The Illinois and Ohio statutes preclude class actions.**

The Ohio Right of Publicity in Individual's Persona Act ("ORPIPA") permits only certain persons to bring a civil action including the owner of the individual's right to privacy, a person expressly authorized in writing by the owner of an individual's right of publicity to bring a civil action, and a person to whom ownership or any portion of ownership of an individual's right of publicity has been transferred. *See* Ohio Rev. Code Ann. § 2741.06. Similarly, the Illinois Right of Publicity Act (IRPA) permits only certain individuals to enforce the rights of the statute, including an individual or his or her authorized representative, a person to whom the recognized rights have been transferred by written transfer, or after the death of an individual who has not transferred the recognized rights by written transfer under this Act, and any person or persons who possesses an interest in those rights. 765 ILS 1075/20.

Based on these provisions, this language operates as a class-action bar. Under the *Shady Grove* analysis, a class action bar under these statutes conflicts with Rule 23. *See, e.g., Hine,* 680 F. Supp. 3d at 867. As to ORPIPA, the provision is substantive and not procedural. Applying Justice Stevens's *Shady Grove* analysis, ORPIPA's private right of action provision is a section of the substantive law itself and applies only to claims brought under that state substantive law. *See Hine*, 680 F. Supp. 3d at 867. Legislative history further supports these factors. *See* Ohio Bill Analysis, 1999 S.B. 54. These factors demonstrate that the provision is substantive, which the Enabling Act may not "abridge, enlarge or modify." *Shady Grove*, 559 U.S. at 417.

A similar analysis applies to the provision in IRPA. *See Bohen v. ConAgra Brands, Inc.*, No. 23 C 1298, 2024 U.S. Dist. LEXIS 52409, at *31 (N.D. Ill. Mar. 25, 2024) (citing Justice

**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP**
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

Stevens's concurring opinion in analyzing whether a class action under Virginia's Consumer Protection Act could proceed in federal court). Here, IRPA's private right of action provision is a section of IRPA itself and not a general rule banning class actions. Moreover, the provision defines the scope of the statutory right, further demonstrating that it is substantive in nature.

Because these bars are substantive, they are not preempted by Rule 23. Accordingly, Plaintiffs are barred from bringing their class claims under these statutes.

## F. The Proposed Classes Must Be Stricken Because They Are Overly Broad.

Plaintiffs' putative classes are also overly broad in their failure to limit the classes based on time and scope. Plaintiffs' over-inclusive definitions necessarily include individuals who have no viable claim against RocketReach, as they include individuals whose claims would be precluded by applicable statutes of limitations and those without standing to sue. Accordingly, the classes could never be certified.

Courts regularly decline to certify overbroad classes. *See Holmes v. Pension Plan of Bethlehem Steel Corp.,* 213 F.3d 124, 138 (3d Cir. 2000) (affirming denial of class certification because proposed class was overly broad). And, where a "defined class is facially overbroad, it is appropriate to strike the class allegations at the pleadings stage." *Vann v. Dolly, Inc.,* No. 18 C 4455, 2020 U.S. Dist. LEXIS 31678, at *12 (N.D. Ill. Feb. 25, 2020). In a class action, each class member must establish Article III standing in order to pursue a claim for relief. *TransUnion LLC v. Ramirez,* 141 S. Ct. 2190, 2208 (2021).

### 1. Plaintiffs' putative class definitions include no time limitations.

None of Plaintiffs' ten putative class definitions include any limitation of the class based on time. This is inappropriate given that the right of publicity statutes are subject to statutes of limitation. For example, California statutory and common law right of publicity claims are subject to a two-year statute of limitations. *Christoff v. Nestle USA, Inc.*, 213 P.3d 132, 135

**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP**
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

(Cal. 2009). Right of publicity claims under IRPA are subject to a one-year statute of limitations. *Blair v. Nevada Landing P'ship*, 859 N.E.2d 1188, 1192 (Ill. App. 2d Dist. 2006). An action under ORPIPA must be brought within four years of a violation. ORC Ann. § 2741.07(C). The WPRA does not include an explicit statute of limitations, but the state's general three-year statute of limitations for injury to persons or property may apply. Wash. Rev. Code. § 4.16.080(2).

Because Plaintiffs' putative class definitions are not limited based on time, the class allegations should be stricken.

2. <u>Plaintiffs' putative class definitions do not exclude those individuals who provided consent.</u>

The right of publicity statutes under which Plaintiffs are proceeding typically provide that a violation exists when an individual's information is used for commercial purposes without that person's consent. *See* Cal. Civ. Code § 3344(a) ("any person who knowingly uses another's name, voice, signature, photograph, or likeness, in any manner … for purposes of advertising … without such person's prior consent … shall be liable for any damages sustained by the person."); 765 ILCS 1075/30(a) ("A person may not use an individual's identity for commercial purposes during the individual's lifetime without having obtained previous written consent from the appropriate person or persons specified in Section 20 of this Act [765 ILCS 1075/20] or their authorized representative."); Ohio Rev. Code § 2741.02 ("a person shall not use any aspect of an individual's persona for a commercial purpose . . . [d]uring the individual's lifetime" without that individual's written consent); Wash. Rev. Code § 63.60.050 ("Any person who uses or authorizes the use of a living or deceased individual's or personality's name, voice, signature, photograph, or likeness, on or in goods, merchandise, or products entered into commerce in this state, or for purposes of advertising products, merchandise, goods, or services,

ROCKETREACH LLC'S MOTION TO STRIKE CLASS
ALLEGATIONS – 9
2:24-cv-1626

**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP**
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

or for purposes of fund-raising or solicitation of donations, or if any person disseminates or publishes such advertisements in this state, without written or oral, express or implied consent of the owner of the right, has infringed such right.")

Here, Plaintiffs' proposed classes fail to exclude individuals who provided consent to be included in Defendant's database. Courts routinely reject class definitions as impermissibly overbroad where the proposed class includes individuals whose consent would provide that they had no grievance under the applicable statute. *See, e.g., Martinez v. TD Bank USA, N.A.,* 2017 U.S. Dist. LEXIS 101979, at *34 (D.N.J. June 30, 2017) (Telephone Consumer Protection Act ("TCPA") class was not ascertainable because it would require mini trials to identify individuals who did not provide prior express consent); *see also Warnick v. Dish Network LLC,* 301 F.R.D. 551, 559 (D. Colo. 2014) (denying class certification in TCPA case, finding that class was overbroad and not sufficiently ascertainable where, among other problems, one sub-class included persons called with consent). This is because, under the right of publicity statutes identified above, use of information with consent is fatal to an individual's claim.

For this reason, Plaintiffs' class allegations should be stricken.

**G.** **Plaintiffs' allegations reveal that individualized issues predominate, making a class action inappropriate**

To maintain a class action, the plaintiff must show that issues of law and fact common to the class predominate over issues involving individual class members. Fed. R. Civ. P. 23(b)(3). Where the right to recover is predominated by individual issues, policy considerations compel the striking of class allegations at the pleading stage.

**1.** Plaintiffs' claims require proof of individualized coverage by the relevant statute

ROCKETREACH LLC'S MOTION TO STRIKE CLASS
ALLEGATIONS – 10
2:24-cv-1626

**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP**
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

The right of publicity statutes at issue apply to certain information, including name, likeness, photographs, etc. *See*, Cal. Civ. Code § 3344(a) (applying to "name, voice, signature, photograph, or likeness"); 765 ILCS 1075/5 (applying to "any attribute of an individual that serves to identify that individual to an ordinary, reasonable viewer or listener, including but not limited to: (i) name, (ii) signature, (iii) photograph, (iv) image, (v) likeness, or (vi) voice."); Ohio Rev. Code § 2741.01 ("an individual's name, voice, signature, photograph, image, likeness, or distinctive appearance, if any of these aspects have commercial value."); Wash. Rev. Code § 63.60.050 (applying to name, voice, signature, photograph, or likeness).

Members of the putative classes will have variations among the information included in any free preview or free-trial profiles in RocketReach's database. Indeed, variation exists among the Plaintiffs themselves. For example, the profile of one of the Plaintiffs, Heather Nicastro, does not include her photograph, while the profiles of the other Plaintiffs do. Complaint ¶¶ 112, 132, 150, 169. Plaintiffs' class definitions make no accounting for these variations, as the class members only include those persons for whom Defendant established a free-preview or free-trial profile page. Critically, Plaintiffs do not even account for whether those profiles include *any* of the information covered by the statutes at all.

Therefore, any class determination would require mini trials to determine whether the profiles at issue include the information governed by the right of publicity statute at issue.

  2. Plaintiffs' claims require individualized proof of those individuals who agreed to arbitrate their claims and/or waived class claims.

As explained in Defendant's Motion to Compel Arbitration, to obtain a free-trial of RocketReach's website, a user must create an account. As part of creating an account, the user agrees to RocketReach's Terms of Service, which includes an arbitration agreement and class action waiver. Plaintiffs' class definitions include no consideration of whether class members

**WILSON, ELSER, MOSKOWITZ,**
**EDELMAN & DICKER LLP**
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

have created accounts. Those who have created accounts would be subject to the arbitration agreement and class action waiver such that they would be excluded from the class definitions. If they are not, the proceedings would devolve into mini-trials to make that individualized determination. For this reason, Plaintiffs' class allegations should be stricken.

### 3. Plaintiffs' claims require individualized proof of ownership of rights.

As explained above, ORPIPA and IRPA limit those who can enforce the pertinent statute. Nevertheless, Plaintiffs' class definitions include all "natural persons" for whom Defendant established either a free-preview or free-trial "profile" page, without regard to whether that person maintains the right under the relevant statute. Because Plaintiffs' class definitions fail to account for the limitations of those permitted to bring civil actions and would otherwise require individualized proof of same, those classes should be stricken as well.

### 4. Plaintiff's claims require proof of individualized commercial value

The Ohio right of publicity statute applies to the use of an individual's persona, which is defined as "an individual's name, voice, signature, photograph, image, likeness, or distinctive appearance, if any of these aspects have commercial value." Ohio Rev. Code § 2741.01. As Defendant argues in its Motion to Dismiss, Plaintiff Nicastro is unable to establish that her persona has commercial value. Again, none of the class definitions account for this requirement or a means to make the determination on the class-wide basis. Accordingly, proof of commercial value will need to be provided on a case by case basis.

### 5. Plaintiffs' claims require proof of individualized damages

As explained in Defendant's Motion to Dismiss filed contemporaneously with this Motion, each of the Plaintiffs identically allege that, "Upon learning that [his or her] name, photograph, and other personally identifying information was being used by Defendant to advertise its products and services on the open market for its own financial gain, Plaintiff . . .

**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP**
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

became worried, frustrated, and concerned, disturbing [his or her] peace of mind in a meaningful way—just as would occur to any reasonable person under the same or similar circumstances." Complaint ¶¶ 128, 146, 164, 183. Defendant contends that Plaintiffs' allegations of damage are insufficient to establish standing under Article III. Moreover, any putative class members alleging similar injury will be unable to establish standing.

Plaintiffs' class definitions fail to account for variations in the damages of putative class members, including the exclusion of damages that are not sufficient to establish standing. For this reason, putative class members would be required to establish damages on an individual basis such that the class determination would devolve into a series of mini trials just on the basis of alleged injury alone. Allowing this case to proceed as a class action would make it necessary to determine whether each putative class member has suffered (or is likely to suffer) any damages or injuries, and if so, whether these damages or injuries were incurred as a result of Defendant's actions or some other reason.

From the face of the Complaint, it is clear that individualized issues predominate here because the claims inherently require individual appraisal of each person's circumstances and damages.

### H. Plaintiffs' class allegations should be stricken because a class action is not a superior method to adjudicate the controversy

To sustain a class action, Plaintiffs must also show that the class action method is superior to other available methods for the fair and efficient adjudication of the controversy. Rule 23(b)(3). Here, allowing Plaintiffs' claims to proceed as a class action would abridge Defendant's substantive rights to litigate individual defenses. Further, if Defendant's substantive rights to litigate individual defenses were to be preserved, the need for multiple

**WILSON, ELSER, MOSKOWITZ,**
**EDELMAN & DICKER LLP**
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

individual trials and corresponding manageability difficulties establish the unsuitability of a class action proceeding.

### **CONCLUSION**

For the reasons set forth herein, Defendant respectfully requests the Court to grant its motion to strike all class claims in the Complaint.

I certify that this pleading contains 5291 words in compliance with the Local Civil Rules.

DATED this 27th day of December, 2024.

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

By: _s/ Patrick Lynch_____
Anjali Das, *Pro Hac Vice*
Matthew N. Foree, *Pro Hac Vice*
Patrick Lynch, WSBA #53147
520 Pike Street, Suite 2350
Seattle, WA 98101
(206) 709-6665 (direct)
(206) 709-5900 (main)
(206) 709-5901 (fax)
Anjali.Das@Wilsonelser.com
Matthew.Foree@wilsonelser.com
Patrick.lynch@wilsonelser.com

*Attorneys for Defendant*

**WILSON, ELSER, MOSKOWITZ,**
**EDELMAN & DICKER LLP**
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

## CERTIFICATE OF SERVICE

The undersigned certifies that on December 27, 2024, a true and correct copy of the foregoing was served on the attorneys of record listed below, via the method indicated:

| | |
|---|---|
| ***Counsel for Plaintiffs***<br>Nick Major, WSBA #49579<br>NICK MAJOR LAW<br>450 Alaskan Way S, #200<br>Seattle, WA 98104<br>Nick@nickmajorlaw.com<br><br>Tyler K. Somes, *Pro Hac Vice*<br>HEDIN LLP<br>1100 15th St NW, Ste. 04-108<br>Washington, D.C. 20005<br>tsomes@hedinllp.com | ☑ U.S. Mail<br>☐ Hand Delivery<br>☐ Facsimile<br>☐ Overnight<br>☑ E-mail<br>☑ E-Service via Court Application<br>☐ Messenger |

I certify under the penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED this 27th day of December, 2024, at Seattle, Washington.

*/s/J. Y'honatan Frakes*
J. Y'honatan Frakes, Legal Assistant
Yhon.frakes@wilsonelser.com

ROCKETREACH LLC'S MOTION TO STRIKE CLASS
ALLEGATIONS – 15
2:24-cv-1626

**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP**
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)