The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSEPH SANT, MERTON CHUN, RONESHA SMITH, and HEATHER NICASTRO, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

ROCKETREACH LLC,

    Defendant.

Civil Action No. 2:24-cv-1626-RSM

**JOINT RULE 26(F) REPORT AND ORDER**

Pursuant to the Court's Order (ECF No. 15), Plaintiffs Joseph Sant, Merton Chun, Ronesha Smith, and Heather Nicastro ("Plaintiffs") and Defendant RocketReach LLC ("RocketReach" or "Defendant") submit the following joint status report, discovery plan and proposed case schedule:

**1.**    **Nature of the Case**

    **A.**    **Plaintiff:**    Plaintiff alleges that Defendant RocketReach LLC, which owns and operates the website www.rocketreach.co, uses Plaintiffs' and Class members' names, contact information, job titles, work histories, and other personal information to promote subscriptions. Because Plaintiffs and the Class did not consent to Defendant's use of their names, likenesses and personal information in Defendant's marketing and advertisements, Plaintiffs allege that Defendant has violated the Washington Right of Publicity Act, RCW §§ 63.60.010-63.60.080.

Joint Rule 26(f) Report
(2:24-cv-1626-RSM)

HEDIN LLP
1395 BRICKELL AVENUE, SUITE 610
MIAMI, FLORIDA 33131
(305) 357-2107

  **B.** **Defendant:** Initially, RocketReach contends that Plaintiffs have agreed to arbitrate their claims and, therefore, has moved to compel arbitration. RocketReach has also moved to dismiss Plaintiffs' Complaint and strike the class allegations in the Complaint. Defendant denies it has violated the right of publicity statutes of Washington, California, Illinois, or Ohio. Defendant believes discovery is premature until the Court resolves its motions.

  2. **Deadline for Joining Additional Parties:** No later than two months after the Court decides Defendant's motion to dismiss and motion to strike class allegations.

  3. **Deadline for filing a motion for class certification:** The Parties propose that Plaintiffs move for class certification 60 days after the close of expert discovery, that Defendant respond 60 days later, and that Plaintiffs reply 21 days thereafter.

  4. **Consent to assignment to United States Magistrate Judge:** No.

  5. **Proposed Case Schedule and Discovery Plan**

| Event | Deadline |
|---|---|
| Initial disclosures | Both RocketReach and Plaintiffs served their initial disclosures before the January 8, 2025 deadline set by the Court. |
| Close of fact discovery | Twelve months after the pleadings are closed. |
| Deadline to disclose merits experts | Two months after the close of fact discovery. |
| Deadline for Plaintiff to disclose class certification experts | Two months after the close of fact discovery. |
| Deadline to disclose merits rebuttal experts | Two months after the deadline to disclose merits experts. |
| Deadline for Defendant to disclose rebuttal class certification experts | Two months after the deadline to disclose class certification experts. |

JOINT RULE 26(F) REPORT
(2:24-CV-1626-RSM)

HEDIN LLP
1395 BRICKELL AVENUE, SUITE 610
MIAMI, FLORIDA 33131
(305) 357-2107

| Event | Deadline |
|---|---|
| Close of expert discovery | Six weeks after the deadline to disclose rebuttal experts. |
| Deadline to file motion for class certification | Two months after the close of expert discovery. |
| Deadline to file brief in opposition to class certification | Two months after the deadline for Plaintiffs to file their motion for class certification. |
| Deadline to file reply in support of class certification | Twenty-one days after the deadline for Defendant to file its opposition to Plaintiffs' motion for class certification. |
| Deadline to submit a further status report addressing deadlines for any motions for summary judgment, *Daubert* motions, motions *in limine*, and proposed dates for the pretrial conference and trial. | One month after a final decision on Plaintiffs' motion for class certification. |

**A.  Initial Disclosures:**

Plaintiffs served their initial disclosures on December 18, 2024. RocketReach served its initial disclosures on January 8, 2025.

**B.  Subjects, Timing and Phasing of Discovery**

**Subjects of Discovery.**

*i. Plaintiffs*:  Plaintiffs anticipate taking discovery on the following topics: (1) the allegations in Plaintiffs' complaint; (2) Defendant's use of the Plaintiffs' and the putative class members' names and identities to promote its platform; (3) Defendant's operations and organization; (4) Defendant's awareness of the wrongfulness of its conduct; (5) that damages owed by Defendant to Plaintiffs and the putative class members; and (6) Defendant's efforts to optimize its webpages using Plaintiffs' and the putative class members' names and identities on internet search engines.

JOINT RULE 26(F) REPORT
(2:24-CV-1626-RSM)

HEDIN LLP
1395 BRICKELL AVENUE, SUITE 610
MIAMI, FLORIDA 33131
(305) 357-2107

*ii.* ***Defendant***: To the extent the Court does not compel the parties to arbitrate, and the claims and/or Plaintiffs' class allegations survive RocketReach's pending motions, RocketReach anticipates taking discovery on the following topics: (1) the allegations in Plaintiffs' Complaint; (2) any damage or loss Plaintiffs and putative class members purportedly suffered as a result of the alleged conduct; (3) any evidence that Plaintiffs and putative class members' information, including names, job titles, work histories, educational history, and other information had commercial value, including any efforts to monetize such information; (4) any consent by Plaintiffs or putative class members to the posting of such information online, including through any website or social media account; (5) any efforts by Plaintiffs or putative class members to maintain the privacy of such information; and (6) any evidence of emotional harm, mental injury, or distress Plaintiffs or putative class members allegedly suffered on account of such information being publicly available, including any medical information verifying that harm.

**Timing of Discovery.** The Parties agree fact discovery shall be completed twelve months after the pleadings are closed.

**Phasing of Discovery.** The Parties do not believe formally phased discovery is necessary.

A. **Electronically stored information:** Once discovery begins, the Parties do not anticipate the need for discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost. Rather, the Parties anticipate the need for discovery of electronically stored information from sources reasonably available to the Parties and/or third parties in the ordinary course of business. The Parties intend to stipulate or agree to the form or forms in which electronically stored information should be produced or otherwise made available and intend to submit such stipulation and related proposed order for approval by the Court.

B. **Privilege Issues:** The Parties do not anticipate any unusual or unique privilege issues. The Parties agree to enter into a Protective Order to govern the production of

JOINT RULE 26(F) REPORT
(2:24-CV-1626-RSM)

HEDIN LLP
1395 BRICKELL AVENUE, SUITE 610
MIAMI, FLORIDA 33131
(305) 357-2107

confidential information and disclosures and will submit a proposed Protective Order for the Court's consideration once discovery begins.

      **C.**    **Limitations on Discovery:** None.

      **D.**    **Proposed Discovery Orders:** The Parties intend to submit a stipulated Protective Order once discovery begins.

6. **Local Civil Rule 26(f)(1) Issues**

      **A.**    **Prompt Case Resolution:** The Parties have discussed prompt case resolution, but Plaintiffs believe resolution discussions are likely premature at this stage.

      **E.**    **Alternative Dispute Resolution:** The Parties believe that mediation may be appropriate at a later stage of the proceedings.

      **F.**    **Related Cases:** None.

      **G.**    **Discovery Management:** The parties have submitted their anticipated scope of discovery positions.

      **H.**    **Anticipated Discovery Sought:**

*i. Plaintiff*: Plaintiffs anticipate propounding written discovery requests (requests for production, interrogatories, and requests for admission) and taking depositions of members of Defendant's organization on the topics identified above. Plaintiffs also reserve the right to seek non-party party discovery from non-parties to extent such discovery becomes necessary.

*ii. Defendant*: To the extent the Court does not compel the parties to arbitrate, and the claims and/or Plaintiffs' class allegations survive RocketReach's pending motions, RocketReach anticipates propounding written discovery requests (requests for production, interrogatories, and requests for admission) and taking the deposition of Plaintiffs on the topics identified above. RocketReach also reserves the right to take discovery of third parties to the extent such discovery becomes necessary.

      **I.**    **Phasing Motions:** The parties do not believe that any formal phasing of motions is necessary here.

JOINT RULE 26(F) REPORT
(2:24-CV-1626-RSM)

HEDIN LLP
1395 BRICKELL AVENUE, SUITE 610
MIAMI, FLORIDA 33131
(305) 357-2107

  **J.** **Preservation:** The parties have taken steps to preserve relevant information, including ESI.

  **K.** **Privilege Issues:** The Parties will propose a Protective Order that addresses privilege issues. The Parties anticipate agreeing upon the Model Protective Order, with appropriate revisions. The Parties do not anticipate any unique attorney-client privilege issues.

  **B.** **Model Protocol for Discovery of ESI:** The Parties anticipate discovery will include electronically stored information. The Parties contemplate agreeing to a revised version of the Model Protocol for Discovery of Electronically Stored Information in Civil Litigation. Prior to producing discovery responses, the Parties will promptly submit the protocol. Plaintiff has circulated a proposed ESI protocol to Defendant.

  **L.** **Alternatives to Model Protocol:** A modified version of the Model Protocol.

 **7.** **Date for Completion of Discovery:**  Within twelve months after the pleadings are closed.

 **8.** **Whether the case should be bifurcated by trying the liability issues before the damages issues, or bifurcated in any other way.**

 The Parties do not believe this case should be bifurcated in any way.

 **9.** **Whether the pretrial statements and pretrial order called for by Local Civil Rules 16(e), (h), (i), and (k), and 16.1 should be dispensed with in whole or in part for the sake of economy.**

 No.

 **10.** **Any other suggestions for shortening or simplifying the case.**

 No.

 **11.** **The date the case will be ready for trial:** Six months after a decision on class certification.

 **12.** **Whether the trial will be jury or non-jury.**

JOINT RULE 26(F) REPORT
(2:24-CV-1626-RSM)

HEDIN LLP
1395 BRICKELL AVENUE, SUITE 610
MIAMI, FLORIDA 33131
(305) 357-2107

|   |   |   |
|---|---|---|
| | A. | Plaintiffs: Jury. |
| | B. | Defendant: Jury. |
| **13.** | | **The number of trial days required.** |
| | A. | Plaintiffs: 5 days. |
| | B. | Defendant: RocketReach believes it is premature to estimate the length and scope of the potential trial until the Court determines whether this action is suitable for class treatment and, if so, the scope and issues for any class trial. |
| **14.** | | **The names, addresses, and telephone numbers of all trial counsel.** |
| | A. | **For the Plaintiffs:** |

NICK MAJOR LAW

Nick Major
450 Alaskan Way S. #200
Seattle, WA 98104
Telephone: (206)410-5688
E-mail: nick@nickmajorlaw.com

HEDIN LLP

Tyler K. Somes (*pro hac vice*)
1100 15th Street NW, Ste 04-108
Washington, D.C. 20005
Telephone: (202)900-3331
E-mail: tsomes@hedinllp.com

        M.      **For the Defendant:**

Anjali Das, *Pro Hac Vice*
Matthew N. Foree, *Pro Hac Vice*
Patrick Lynch, WSBA #53147
520 Pike Street, Suite 2350
Seattle, WA 98101
(206) 709-6665 (direct)
(206) 709-5900 (main)
(206) 709-5901 (fax)
Anjali.Das@Wilsonelser.com
Matthew.Foree@wilsonelser.com
Patrick.lynch@wilsonelser.com

JOINT RULE 26(F) REPORT
(2:24-CV-1626-RSM)

HEDIN LLP
1395 BRICKELL AVENUE, SUITE 610
MIAMI, FLORIDA 33131
(305) 357-2107

15. The dates on which trial counsel may have complications to be considered in setting a trial date.

None.

16. If, on the due date of the Report, all defendant(s) or respondent(s) have not been served, counsel for the plaintiff shall advise the Court when service will be effected, why it was not made earlier, and shall provide a proposed schedule for the required FRCP 26(f) conference and FRCP 26(a) initial disclosures.

N/A.

17. Whether any party wishes a scheduling conference before the Court enters a scheduling order in the case.

None.

18. List the date(s) that each and every nongovernmental corporate party filed its disclosure statement pursuant to Fed. R. Civ. P. 7.1 and Local Civil Rule 7.1.

    A. Plaintiffs: N/A

    B. Defendant: Defendant is filing its disclosure statement contemporaneously with this filing.

//

//

//

//

//

//

//

//

//

//

JOINT RULE 26(F) REPORT
(2:24-CV-1626-RSM)

HEDIN LLP
1395 BRICKELL AVENUE, SUITE 610
MIAMI, FLORIDA 33131
(305) 357-2107

RESPECTFULLY SUBMITTED AND DATED this 15th day of January, 2025.

| | |
|---|---|
| */s/* Nick Major | */s/* Patrick Lynch |
| Nick Major | Anjali Das, *Pro Hac Vice* |
| 450 Alaskan Way S. #200 | Matthew N. Foree, *Pro Hac Vice* |
| Seattle, WA 98104 | Patrick Lynch, WSBA #53147 |
| Telephone: (206)410-5688 | 520 Pike Street, Suite 2350 |
| E-mail: nick@nickmajorlaw.com | Seattle, WA 98101 |
| | (206) 709-6665 (direct) |
| | (206) 709-5900 (main) |
| Tyler K. Somes (*pro hac vice*) | (206) 709-5901 (fax) |
| 1100 15th Street NW, Ste 04-108 | Anjali.Das@Wilsonelser.com |
| Washington, D.C. 20005 | Matthew.Foree@wilsonelser.com |
| Telephone: (202) 900-3331 | Patrick.lynch@wilsonelser.com |
| E-mail: tsomes@hedinllp.com | |
| | *Attorneys for Defendant* |
| *Attorneys for Plaintiffs* | |

IT IS SO ORDERED.

DATED this 23rd day of January, 2025.

_____
RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

JOINT RULE 26(F) REPORT
(2:24-CV-1626-RSM)

HEDIN LLP
1395 BRICKELL AVENUE, SUITE 610
MIAMI, FLORIDA 33131
(305) 357-2107

**CERTIFICATE OF SERVICE**

I hereby certify that on January 15, 2025, I caused a true and correct copy of the foregoing to be filed in this Court's CM/ECF system, which sent notification of such filing to counsel of record.

DATED January 15, 2025.

/s/ Tyler K. Somes
Tyler K. Somes

JOINT RULE 26(F) REPORT
(2:24-CV-1626-RSM)

HEDIN LLP
1395 BRICKELL AVENUE, SUITE 610
MIAMI, FLORIDA 33131
(305) 357-2107