UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSEPH SANT, *et al.*, | Case No. C24-1626-RSM |
| Plaintiffs, | ORDER DENYING MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS |
| v. | |
| ROCKETREACH LLC, | |
| Defendants. | |

## I.    INTRODUCTION

This matter comes before the Court on Defendant RocketReach LLC's Motion to Compel Arbitration and Stay Proceedings.  Dkt. #16.  Plaintiffs Joseph Sant, Merton Chun, Ronesha Smith, and Heather Nicastro oppose.  Dkt. #26.  Neither party has requested oral argument.  For the reasons below, the Court DENIES this Motion.

## II.    BACKGROUND

Unless otherwise stated, the Court draws the following facts and allegations from Plaintiffs' Complaint, Dkt. #1.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Defendant's "world's largest and most accurate database," www.rocketreach.co, offers a web-based subscription platform for users to access millions of profiles that contain people's personal and professional information and other business development services.  When a user navigates the site, they may see free-preview and free-trial "profile" pages, which provide the name, place of work, education history, skills, and other personal information of a specific person.  These profile pages include links to obtain further information on the person, which

direct users to subscription options for premium features on the platform, such as Autopilot, Intent Data, and RocketReach for Healthcare.  Defendant optimizes the free profile pages to rank highly in search engine results through source code, employing specific people to develop these techniques.  Defendant tracks the number of times when and from where these free profile pages are viewed by non-subscribers.  Plaintiffs allege:

> Defendant has built and now reaps significant profit from this business by trading off the names, photographs, personas, and identities of millions of Americans to promote its platform, without obtaining their consent or providing them compensation of any kind.
>
> Defendant has done this by publishing millions of free-preview and free-trial "profile" pages which use the names, photographs, email addresses, phone numbers, physical address, employers, educational history, and more about individual Americans to advertise subscriptions to its web-based platform.

Dkt. #1 at ¶¶ 61–62.

Plaintiffs Joseph Sant (a Washington resident), Merton Chun (a California resident), Ronesha Smith (an Illinois Resident), and Heather Nicastro (an Ohio resident), whose private information appears on Defendant's free-preview and free-trial profile pages, filed their class action Complaint against Defendant on October 8, 2024.  They bring claims under the Washington Personality Rights Act ("WPRA"), RCW 63.60.050, the California Right of Publicity Law ("CRPL"), Cal. Civ. Code § 3344, the Illinois Right of Publicity Act ("IRPA"), 765 Ill. Comp. Stat. 1075, and the Ohio Right of Publicity in Individual's Persona Act ("ORPIPA"), Ohio Rev. Code Ann. § 2741.

On December 27, 2024, Defendant filed the instant Motion, requesting that the Court compel Plaintiff's to arbitrate their individual claims, dismiss the class claims, and either dismiss Defendant or stay the proceedings pending the outcome of arbitration.  Dkt. #16.  Defendant's Terms of Service ("TOS"), provided via hyperlink when creating an account, contain a binding

ORDER DENYING MOTION TO COMPEL
ARBITRATION AND STAY PROCEEDINGS - 2

Arbitration Agreement. *Id.* Defendant contends that Plaintiffs, whether individually or through their attorneys, agreed to the TOS and included arbitration clause. *Id.*

Plaintiffs each retained counsel, Hedin LLP, to represent them "individually and as a proposed class representative . . . to file and prosecute the claims as a class action in which the Firm simultaneously seeks relief for a 'class' of other similarly situated." Dkt. #26, Exs. 1-4. These Class Action Representation Agreements stated that Plaintiffs "will fully cooperate with the Firm in pursuing Client's claims and causes of action" and that the agreements only represented Plaintiffs as representatives of a class. *Id.* Any other service would require a separate written agreement. *Id.* Plaintiffs contend that they never registered for Defendant's services, never agreed to the TOS, and never permitted counsel to agree to the TOS on their behalf. Dkt. #26.

## III.    DISCUSSION

### A. Legal Standard

"The [Federal Arbitration Act ("FAA")] provides that any arbitration agreement within its scope 'shall be valid, irrevocable, and enforceable,' and permits a party 'aggrieved by the alleged refusal of another to arbitrate' to petition any federal district court for an order compelling arbitration in the manner provided for in the agreement." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000) (citations and ellipses omitted). "The FAA requires federal district courts to stay judicial proceedings and compel arbitration of claims covered by a written and enforceable arbitration agreement." *Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1175 (9th Cir. 2014) (internal citation omitted); *Chiron*, 207 F.3d at 1130 ("[T]he Act 'leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed.'") (citation omitted). "The FAA limits the district court's role to determining

whether a valid arbitration agreement exists, and whether the agreement encompasses the disputes at issue." *Nguyen*, 763 F.3d at 1175 (citing *Chiron*, 207 F.3d at 1130). To determine "whether a valid arbitration agreement exists, federal courts 'apply ordinary state-law principles that govern the formation of contracts.'" *Id.* (quoting *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944, 115 S. Ct. 1920, 131 L. Ed. 2d 985 (1995)).

Notwithstanding the language of Section 3 of the FAA, a court "may either stay the action or dismiss it outright [if] the court determines that all of the claims raised in the action are subject to arbitration." *Johnmohammadi v. Bloomingdale's, Inc.*, 755 F.3d 1072, 1074 (9th Cir. 2014). However, because claims dismissed due to a valid and enforceable arbitration clause are dismissed for failure to state a claim, dismissal without prejudice is appropriate. *See, e.g.*, *Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725 (9th Cir. 2000); *Gadomski v. Wells Fargo Bank N.A.*, 281 F.Supp.3d 1015, 1021 (E.D. Cal. 2018) ("Having decided the Agreement is enforceable and that all Plaintiff's claims are subject to arbitration, the Court is within its discretion to dismiss the complaint under Rule 12(b)(6).").

**B. Analysis**

Defendant argues that the Court should compel Plaintiffs to arbitration because Plaintiffs agreed to the TOS, whether themselves or through their attorneys, which included an arbitration clause. Dkt. #16 at 7-12. Plaintiffs contend that they never created accounts on Defendant's website or otherwise agreed to the TOS, nor did they ever authorize their attorneys to agree to the TOS and arbitration clause. Dkt. #26 at 4-14.

The Court agrees with Plaintiffs. As Plaintiffs point out, *Boshears v. PeopleConnect, Inc.* is compelling in this case. PeopleConnect owned and operated Classmates.com, which included an arbitration agreement in its terms of service when creating a Free or Paid Member account. 748 F. Supp. 3d 1017, 1020 (W.D. Wash. 2024). The plaintiff engaged counsel to investigate

potential class action claims, which included counsel creating several accounts to search for plaintiff's information. *Id*. at 1021-22. Plaintiff's counsel also opted out of the arbitration agreement on behalf of himself and anyone he acted for as an agent. *Id*. at 1022.

On remand and consideration of PeopleConnect's second attempt to compel arbitration, the court denied the motion. *Id*. at 1023-30. Though the plaintiff's counsel opted out of arbitration for plaintiff, most compelling to the instant case is that the Court found that the plaintiff did not provide his counsel authority to bind him to arbitration in the first place. *Id*. at 1026-29. On initial appeal, the Ninth Circuit remanded the case with the guidance that if PeopleConnect could show that (1) counsel became the plaintiff's agent prior to counsel creating the accounts, and (2) the plaintiff "knowingly accepted a benefit from, failed to repudiate, or exhibited conducting adopting that or those member account(s)," the plaintiff could be bound by his counsel's agreement to arbitrate. *Id*. at 1026 (quoting *Boshears v. PeopleConnect, Inc.*, 2023 WL 4946630, at *1 (9th Cir. Aug. 3, 2023)).

Though the court noted that an agency relationship was formed prior to the creation of the accounts, the court concluded that the plaintiff did not authorize his counsel to agree to arbitrate, even though plaintiff instructed his attorneys to research the use of his likeness, because the scope of the agreement "was effective only for the purposes of purs[u]ing a class action[,]" and the plaintiff did not otherwise imply this authority existed. 748 F. Supp. 3d at 1023 and 1028. The court further concluded that the plaintiff did not ratify this agency by accepting a benefit by using the provided screenshots, and PeopleConnect failed to show that the plaintiff had any knowledge of his attorney accepting the terms of service on his behalf. *Id*. at 1028-29.

Here, Defendant fails to show that Plaintiffs agreed to the TOS and arbitration clause themselves or through their counsel. Though Defendant argues that "[f]or Plaintiffs to provide the information they provided in their Complaint, they must have created a free account[,]"

Defendant admits that "it is unclear whether Plaintiffs' attorneys (as opposed to Plaintiffs themselves) agreed to the Terms of Service." Dkt. #16 at 8 and 12. Defendant provides no argument other than discovery is necessary to clear up these agency questions. *Id*. at 12

However, like the plaintiff in *Boshears*, Plaintiffs contend that they never created RocketReach accounts and did not learn about the TOS until their attorneys notified them of the instant Motion. Dkt. #26, Exs. 1-4. Plaintiffs signed their agreements with counsel in August and September 2024, a month before the Complaint was filed. *Id*. Plaintiffs all state that they retained counsel for class action purposes only, that they never created accounts or otherwise used RocketReach, they never agreed to counsel having authority to bind them to the TOS, and if this could be construed, they "expressly repudiate that contract." *Id*. Plaintiffs' agreements all state the following:

> Client understands that the Firm intends, if appropriate, to file and prosecute the claims as a class action in which the Firm simultaneously seeks relief for a "class" of others similarly situated. Those are the only services the Firm will be providing to Client. If the Client wishes for the Firm to provide any other service, advice, or representation, the Firm will do so only under separate written agreement.

Dkt. #26, Sant Decl., Ex. A at ¶ 1; Chun Decl., Ex. A at ¶ 1; Smith Decl., Ex. A at ¶ 1; Nicastro Decl., Ex. A at ¶ 1.

Like the plaintiff in *Boshears*, though Plaintiffs agreed to "fully cooperate" with counsel, the scope of the agreements with Plaintiffs' attorneys here is for the limited purpose of pursuing class action. *Id*. at ¶¶ 4. Like the PeopleConnect agreement, this stands at odds with the TOS requirement stating:

> No class actions. YOU AND ROCKETREACH AGREE THAT EACH MAY BRING CLAIMS AGAINST THE OTHER ONLY IN YOUR OR ITS INDIVIDUAL CAPACITY AND NOT AS A PLAINTIFF OR CLASS MEMBER IN ANY PURPORTED CLASS OR REPRESENTATIVE PROCEEDING.

Dkt. #17, Kim Decl., at ¶ 23.  As noted above, any action other than pursing class action would have required a separate written agreement.  Defendants do not otherwise show that Plaintiffs implied any sort of authority to counsel, and neither Plaintiffs' signed agreements nor use of the screenshots in the Complaint imply or ratify such authority.  *See Boshears*, 748 F. Supp. 3d at 1028-29 ("The Court has previously declined to recognize the use of screenshots as a ratifiable benefit . . . [and] finds that the screenshots at issue here [are] not a 'benefit' the acceptance of which would be sufficient to trigger ratification.").  In sum, taking all reasonable inferences in Plaintiffs' favor, Defendants fail to show that Plaintiffs knew of or agreed to an arbitration agreement, whether individually or through counsel.  The Court will deny Defendant's request for discovery and this Motion.

## IV.    CONCLUSION

Having reviewed the instant Motion, responsive briefings, declarations, and the remainder of the record, the Court hereby finds and ORDERS that Defendant RocketReach LLC's Motion to Compel Arbitration and Stay Proceedings, Dkt. #16, is DENIED.


DATED this 7th day of July, 2025.


RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION TO COMPEL
ARBITRATION AND STAY PROCEEDINGS - 7